# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00079-SCT

*BOBBI J. YOUNG AND LYNDA L. CARTER, NEXT OF KIN OF CLARENCE S. YOUNG, DECEASED*

*v.*

*DR. ROBERT H. SMITH AND BAPTIST MEMORIAL HOSPITAL-DESOTO, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2009 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM ROBERT BRUCE |
| ATTORNEYS FOR APPELLEES: | DAVID W. UPCHURCH |
| | JOSHUA SHEY WISE |
| | ROBERT K. UPCHURCH |
| | JANELLE MARIE LOWREY |
| | WALTER ALAN DAVIS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 08/04/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. Bobbi J. Young and Lynda L. Carter, Next of Kin of Clarence S. Young, Deceased ("Young"), appeal an Order of the Circuit Court of DeSoto County, Mississippi, which granted summary judgment in favor of Dr. Robert Smith and his employer, Baptist Memorial Hospital-DeSoto ("BMH-D").[1] The trial court certified the summary judgment for Smith and

---

[1]This Court previously has noted that "[t]he basis of the action against BMH-D was respondeat superior. Therefore, as the only employee of BMH-D in this case, summary judgment in favor of Smith would necessitate summary judgment in favor of BMH-D." *Young v. Meacham*, 999 So. 2d 368, 372 n.2 (Miss. 2008) ("*Young I*").

BMH-D as final for the purpose of appeal pursuant to Mississippi Rule of Civil Procedure 54(b). Young argues that the circuit court abused its discretion in refusing to grant the "Motion to Withdraw Admissions" which was filed, without explanation or excuse, nearly seven-and-one-half years after said admissions were otherwise "conclusively established . . . ." Miss. R. Civ. P. 36(b). This Court concludes that the circuit court's ruling was well within its discretion under Mississippi Rule of Civil Procedure 36. *See* Miss. R. Civ. P. 36. We further affirm the circuit court's finding that no genuine issue of material fact remains regarding Young's claims against Dr. Smith and BMH-D, as well as the circuit court's grant of summary judgment as to Dr. Smith and BMH-D.[2]

## FACTS[3]

¶2.      On August 22, 2001, Young filed a "wrongful death, medical malpractice claim" against health-care providers, including Dr. Smith and BMH-D. *Young I*, 999 So. 2d at 369-70. On October 11, 2001, Dr. Smith propounded "Requests for Admission" to Young, which included the following:

> 1. Please admit that with regard to the care and treatment provided to [Young] *by [Dr. Smith]* you have no qualified medical expert who is expected to testify at the trial of this case *that [Dr. Smith]* deviated from the applicable standard of care for an emergency room physician.
>
> 2. Please admit that you have no qualified medical expert who is expected to state an opinion at trial that any alleged deviation from the applicable standard

---

[2]Dr. Smith and BMH-D are the only parties as to which Young advances this appeal. This decision does not implicate Young's claims against four other health-care providers.

[3]The underlying facts in this case were previously summarized by this Court. *See Young I*, 999 So. 2d at 369-71. As such, we address only those facts pertinent to the present appeal.

2

of care *on the part of [Dr. Smith]* proximately caused or contributed to the death of [Young].

(Emphasis added.) Pursuant to Rule 36(a), a "written answer or objection" to these requests for admission was due "within thirty days after service of the request." Miss. R. Civ. P. 36(a). But during this period, Young filed no "written answer[s] or objection[s,]"[4] nor did Young request additional time to respond. *Id*. Rather, Young did not respond to the request. In December 2001, having received no "written answer[s] or objection[s]," Dr. Smith and BMH-D filed "Motions for Summary Judgment," arguing that the requests were deemed admitted by operation of law. *Id*. (absent a timely "written answer or objection," the "matter of which an admission is requested . . . is admitted . . . ."). Thus, they contended that Young's admission that they did not have a "qualified medical expert" regarding Dr. Smith's alleged conduct meant that no genuine issues of material fact remained as to Young's claims against Dr. Smith and BMH-D.

¶3.     On December 21, 2001, seventy-one days after service of the "Requests for Admission," Young filed responses which denied the requested admissions; identified Dr. David E. Hansen as one of Young's medical experts; and "filed a motion for summary judgment against the individual doctors[,]" with an attached affidavit from Dr. Hansen which "stated that the doctors had been negligent in their care of [Clarence] Young, and had they provided timely and proper care, it was probable that Young would have survived." ***Young***

---

[4]Young did not present even an answer providing "lack of information or knowledge" as a basis for failing to admit or deny, which contended that a "reasonable inquiry" had been made and "the information known or readily obtainable . . . [wa]s insufficient to enable [Young] to admit or deny." Miss. R. Civ. P. 36(a).

*I*, 999 So. 2d at 370. Inexplicably, Young failed to file a motion to withdraw or amend the admissions which, by that point in time, were "conclusively established" by operation of law. Miss. R. Civ. P. 36(b) ("[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.").

¶4.  For several years thereafter, proceedings were delayed due to the insolvency of a liability insurance carrier for one of the defendants and the prior appeal to this Court. The prior appeal contested the grant of summary judgment. *Young I*, 999 So. 2d at 368. On appeal, this Court reversed and remanded for further proceedings. *See id*. at 373. This Court determined that "[b]y holding that [Young's] supplemental expert designation violated the scheduling order, the trial court erroneously equated a discovery deadline with a deadline for supplementation of an expert opinion." *Id*. at 372. This Court concluded that "[t]he trial court erred by refusing to consider Dr. Hansen's supplemental affidavit in determining whether there was a genuine issue of material fact sufficient to defeat a motion for summary judgment." *Id*.

¶5.  In *Young I*, this Court chose not to address substantively the separate issue of "whether [Young's] failure to respond to Dr. Smith's requests for admissions warranted summary judgment in favor of Dr. Smith and his employer, BMH-D[,]" stating that because "the trial court has never ruled on this issue, we decline to address this assignment of error." *Id*. at 371, 373. Following denial of the defendants' motion for rehearing, this Court's mandate was issued on February 17, 2009.

4

¶6.      Upon remand, on February 19, 2009, BMH-D filed a "Renewed Motion for Summary Judgment" based upon Young's failure to timely respond to the requests for admissions.[5]  On March 10, 2009, nearly seven-and-one-half years after the admissions were deemed admitted, Young filed a "Motion to Withdraw Admissions."  At the July 16, 2009, hearing on the "Renewed Motions for Summary Judgment," Young explained the failure to provide timely responses to the October 2001 "Requests for Admission," as follows, "[w]e simply didn't have our expert opinion at the time that the Requests for Admissions were propounded."  To this point, counsel for BMH-D responded:

> if that were the case, they could have moved for more time to respond; they could have responded as they were and then amended them when they got their expert opinions in, but they didn't do that.  They just simply didn't respond. And then when they did respond, it took them years to even move to withdraw them . . . .

Having offered no legitimate explanation or excuse to support the untimely motion to withdraw, Young leapfrogged to contesting the lack of prejudice to Dr. Smith and BMH-D. Counsel for Dr. Smith responded that the consequence of failing to comply with Rule 36 is an admission by operation of law, regardless of the defendants' conduct.[6]

---

[5]On March 13, 2009, Dr. Smith filed a substantively similar "Renewed Motion for Summary Judgment."

[6]Additionally, counsel for BMH-D noted that Young was still shuffling experts at that time.  Specifically, counsel for BMH-D stated that, on May 7, 2009, Young had filed a designation of a new nursing expert "to assert claims against [BMH-D,]" nearly four years after "[t]he deadline passed . . . for [Young] to have their experts designated."  Counsel for BMH-D asserted that "Dr. Hansen's supplemental opinions . . . were about [a separate defendant-physician], not about Dr. Smith[,]" such that those "supplemental opinions don't address the issue before the [c]ourt on this summary judgment motion with respect to Dr. Smith."

¶7.    After taking the matter under advisement for consideration, on September 9, 2009, the circuit court issued a five-page "Opinion."  The analysis began by quoting the pertinent portions of Rule 36.  The learned circuit judge found, as follows:

> *Rule 36 is to be enforced according to its terms.*  **Educational Placement Services v. Wilson**, 487 So. 2d 1316 (Miss. 1986).  When a party does not respond or object to requests for admissions within the time period allowed by this Rule and does not seek an extension of time for responding, a court does not abuse its discretion in striking untimely responses or refusing withdrawal of matters deemed admitted in untimely filed admissions. **Sawyer v. Hannan**, 556 So. 2d 696 (Miss. 1990).
>
> If the plaintiff fails to communicate to the trial court a reason for the delay or a belief that they should have been allowed to delay their response, and the court can find no compelling circumstances to justify allowing an untimely reply to avoid admissions, the [c]ourt does not abuse its discretion in not allowing the admissions to be withdrawn. **Earwood v. Reeves**, 798 So. 2d 508, 514 (Miss. 2001).
>
> Requests are deemed admitted if the answers or objections are not served within 30 days of service.  There appears to be no issue that [Young] did not file responses to the admissions within thirty days.  *The requests for admissions go to the heart of [Young's] claims. [Young] asked to withdraw the admissions over seven years from when they were served. [Young] gave no explanation as to why they had not sought withdrawal of their responses which were deemed admitted thirty days after they were served until the Defendants filed their motions for summary judgment.*  The [c]ourt also can find *no compelling circumstances to justify allowing an untimely reply to avoid admissions*.  Therefore, the motion to withdraw the admissions will be *denied*.

(Emphasis added.)  As to Young's argument that Dr. Smith and BMH-D had waived their right to bring the "Renewed Motions for Summary Judgment," the circuit court found:

> [Rule] 36 provides that requests for admissions are deemed admitted by *operation of law* if a party does not respond within the required time.  The party seeking the admissions are [sic] not required to take any affirmative action in this regard. . . .  The [c]ourt does not find the cases regarding affirmative defenses being waived as persuasive or analogous.  Also, [Rule] 56(b) provides that a motion for summary judgment can be made by the Defendant at any time.  Therefore, the [c]ourt finds that the motions were

6

timely filed and the arguments were not waived just because they were not asserted earlier.[7] The [c]ourt finds it noteworthy that the Supreme Court did not make any finding that the argument was waived when they declined to rule on the issue.

(Emphasis in original.) The circuit court ultimately concluded that the "Renewed Motions for Summary Judgment" filed by Dr. Smith and BMH-D "should be granted."

¶8. Thereafter, the circuit court entered an "Order Granting Motions for Summary Judgment" and a "Final Judgment" in favor of Dr. Smith and BMH-D, dismissing Young's claims against both with prejudice. From those rulings, Young filed timely "Notice of Appeal."

**ISSUES**

¶9. This Court will consider:

(1) Whether the circuit court abused its discretion in denying Young's "Motion to Withdraw Admissions."
(2) Whether the circuit court erred in granting summary judgment in favor of Dr. Smith and BMH-D.

**ANALYSIS**

**I. Whether the circuit court abused its discretion in denying Young's "Motion to Withdraw Admissions."**

¶10. This Court has stated that Rule 36 is "well-delineated" and "carr[ies] harsh sanctions for failure to comply therewith." *Earwood*, 798 So. 2d at 515. It provides, in pertinent part, that:

**(a) Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth

---

[7]The circuit court added that Dr. Smith and BMH-D "had no reason to bring forth their motion until this [c]ourt's ruling on the previous motion was reversed."

7

of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

. . .

Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter*, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him.

. . .

**(b) Effect of Admission.** *Any matter established under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions governing amendment of a pre-trial order, the court ***may*** *permit withdrawal or amendment* when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Miss. R. Civ. P. 36 (emphasis added).

¶11.    In cases before and after ***DeBlanc v. Stancil***, 814 So. 2d 796 (Miss. 2002), this Court has clearly stated that, in applying Rule 36, "discretion is vested in the trial judge with respect to whether he or she will take matters as admitted." ***Scoggins v. Baptist Mem'l Hosp.-DeSoto***, 967 So. 2d 646, 648 (Miss. 2007) (quoting ***Earwood***, 798 So. 2d at 514). *See also DeBlanc*, 814 So. 2d at 801 (quoting ***Earwood***, 798 So. 2d at 516) ("[m]echanisms exist whereby a trial court *may* hold an untimely response does not constitute a deemed admission because the trial court has *broad discretion* in pretrial matters. However, because of trial court's broad discretion in such matters, it *certainly may also require that parties comply*

*with the rules as stated.*") (emphasis added). In cases involving unexplained, untimely responses, the appellate courts of this state unanimously have emphasized that Rule 36 "is to be enforced according to its terms." *Educ. Placement Servs.*, 487 So. 2d at 1318. Specifically, this Court has stated:

> [w]e do not intend . . . to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty-first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, *there is no gratuity about it*. Courts cannot give, or withhold at pleasure. . . . *More than a year's inaction* on the part of the party to whom the request has been submitted *must of necessity result in the matters being taken as admitted if the rule is to have any meaning of force at all. This is particularly so where, as in the case at bar, not one word of explanation or excuse appears either in the record or in his brief on appeal why Wilson could not have responded to the request.*

*Id*. *See also* **Langley v. Miles**, 956 So. 2d 970, 973 (Miss. Ct. App. 2006) ("[o]n review, the court is likely to affirm the trial court's enforcement of Rule 36 according to its terms if no justifiable excuse or explanation was offered for the default."); **Prime Rx, LLC v. McKendree, Inc.**, 917 So. 2d 791, 795 (Miss. 2005) (citing **Earwood**, 798 So. 2d at 516) ("it would not be an abuse of the trial court's discretion to require compliance [with Rule 36] when the defaulting party offered no good reason otherwise."); **DeBlanc**, 814 So. 2d at 801 ("we did not . . . abandon the concept of enforcing [R]ule 36 in accordance with its terms as expressed in [**Educational Placement Services**] . . . particularly when no explanation is offered for the default."); **Martin v. Simmons**, 571 So. 2d 254, 255 (Miss. 1990) (affirming the trial court's action of deeming requests for admission admitted where it found no justifiable excuse for the attorney's failure to file a timely response); **Sawyer**, 556 So. 2d at 698 (citing **Dukes v. South Carolina Ins. Co.**, 770 F.2d 545 (5th Cir. 1985)) ("the control

9

of discovery is committed to the sound discretion of the trial court and discretion was not abused in striking [an] untimely response when [the plaintiff] had been evasive and dilatory throughout the litigation and offered no reason for failing to respond within the period provided by Rule 36.").

¶12. Young unpersuasively submits that "[i]n considering a motion to withdraw admissions, trial courts in Mississippi are *required* to engage in the two-prong analysis set out in Rule 36(b)." (Emphasis added.) Young seeks to expand or amend the rule by asking this Court to declare it would be "an abuse of discretion *per se* for a trial court to deny a motion to withdraw requests for admission without engaging in the two-prong Rule 36(b) analysis."

¶13. Dr. Smith and BMH-D respond that Young "filed an untimely Motion to Withdraw Admissions long after Dr. Smith had filed his Motion for Summary Judgment. Moreover, [Young] failed to demonstrate justifiable excuse in their seven (7) year delay in attempting to withdraw the admissions." As such, they contend that the circuit judge "was within his discretion and properly denied withdrawal of the admissions . . . ." They further note that the analysis in Rule 36(b) includes the permissive term "may," as opposed to the mandatory term "shall," such that the consideration, *vel non*, of such factors is within the circuit court's discretion.

¶14. A mandatory, two-pronged test urged by the dissent is contrary to both the plain language of Rule 36(b) and prior rulings of this Court. In using the permissive term "may" rather than the mandatory term "shall," Rule 36(b) does *not* create a mandatory, *per se* requirement that the lower court must apply before denying the withdrawal or amendment

of a deemed admission. *See DeBlanc*, 814 So. 2d at 799 (emphasizing the use of the term

"may" in Rule 36(b)); *Earwood*, 798 So. 2d at 515 ("[t]he permissive language of [Rule 36]

respecting the trial court's duties clearly provides that relief from the definite time periods

is only available at the trial court's discretion."). In *Earwood*, this Court rejected arguments

like those presented today, stating:

> [n]otwithstanding the language of the rule, Earwood argues that, pursuant to
> M.R.C.P. 36, the court *should* have permitted withdrawal of the deemed
> admissions because the presentation of the case on the merits would be
> promoted and that permitting withdrawal would not result in undue prejudice
> or delay to Reeves in maintaining his action on the merits. Yet Earwood's
> dilatory response had already delayed Reeves's action. Earwood's response
> was not forthcoming until almost ten months after the complaint, and only
> after Reeves filed a motion to deem requests admitted, to compel and for
> partial summary judgment. Therefore, the trial court's reluctance to exercise
> its broad discretion in favor of Earwood is not illogical.
>
> . . .
>
> Here, the trial court found no compelling reason to allow disrespect of
> M.R.C.P. 36 regarding the set time for responding to requests for admissions;
> and we find no compelling reason to hold that such was an abuse of discretion.
> Earwood knew or should have known the severe consequences of failing to
> timely respond.

*Earwood*, 798 So. 2d at 516 (emphasis in original). *See also DeBlanc*, 814 So. 2d at 801

(quoting same). This position also is consistent with federal cases, which reflect that "[e]ven

when" the two factors set forth under Federal Rule of Civil Procedure 36(b) "are established,

a district court still has discretion to deny a request for leave to withdraw or amend an

admission." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Therefore, consistent with the

presumptive conclusiveness accompanying the failure to comply with Rule 36(a), the

permissive nature of Rule 36(b) (i.e., "may permit"), and the aforementioned discretion

11

granted to trial courts in addressing motions to withdraw or amend, this Court concludes that a trial court "may," but is not required to, consider the two-pronged test in denying a motion to withdraw or amend. Miss. R. Civ. P. 36(b). With that principle reaffirmed, this Court next considers whether the circuit court's denial of Young's "Motion to Withdraw Admissions" constituted an abuse of discretion.

¶15. The circuit court's "Opinion" further reflects that the circuit court took into consideration all arguments presented, the applicable rule (Rule 36), and our established caselaw in rendering its decision. The circuit court began its analysis by emphasizing that Rule 36 should be "enforced according to its terms." *Educ. Placement Servs.*, 487 So. 2d at 1318. The circuit court then found that Young had failed to file a timely response to the "Requests for Admissions" within thirty days after service thereof, as required by Rule 36(a);[8] provided untimely responses only after a motion for summary judgment was filed; "gave no explanation" for waiting nearly seven-and-one-half years after the admissions had been deemed "conclusively established" to file the "Motion to Withdraw Admissions;"[9] and failed to present any "compelling circumstances to justify allowing an untimely reply to avoid admissions." Under the facts presented, that decision was hardly a Draconian one with

---

[8]In neither the record nor Young's appellate brief does Young explain why no "lack of information or knowledge"-type response, objection, or motion for enlargement of time was interposed or filed. *See* Miss. R. Civ. P. 36(a); *Educ. Placement Servs.*, 487 So. 2d at 1318 (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2259 (1970), and 1985 Pocket Part) ("[h]ere the record reflects no response being filed by Wilson. No written objection to any of the requests for admissions has been interposed or filed. No motion for an enlargement of time within which to respond appears. In this context, the matters are taken as admitted for purposes of this action.").

[9]This should have been filed either before, or contemporaneously with, Young's untimely response.

which no reasonable jurist could agree. *See Dawson v. U.S.*, 68 F.3d 886, 896 (5th Cir. 1995) (quoting *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995)) ("[g]enerally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court"); *Earwood*, 798 So. 2d at 517.

¶16.   "The requests for admissions submitted to [Young] were a simple matter which could have been answered in a few minutes time[,]" or for which a "motion for enlargement of time" could have been filed. *Sunbelt Royalty, Inc. v. Big-G Drilling Co.*, 592 So. 2d 1011, 1012 (Miss. 1992); *Educ. Placement Servs.*, 487 So. 2d at 1318.  Yet Young simply failed to timely respond.  "Rule 36 provides a specific consequence for a party's failure to timely respond to a request for admission, the consequence being that those matters in the requests are deemed admitted." *Prime Rx*, 917 So. 2d at 797.  *See also Scoggins*, 967 So. 2d at 649 ("a diligent party will take great pains to ensure the requests have either been admitted or denied, as they are automatically deemed admitted after thirty days").  Thus, those "[m]atters admitted by default under Rule 36(a) [were] established unless and until the trial court allow[ed] amendment or withdrawal by motion under Rule 36(b)." *DeBlanc*, 814 So. 2d at 800.  Without any excuse for that initial untimeliness, Young then proceeded to wait nearly seven-and-one-half years before filing the "Motion to Withdraw Admissions."  Under these circumstances of unexplained, untimely responses, coupled with an excessive delay before seeking leave to withdraw, the circuit court was well within its discretion in denying Young's "Motion to Withdraw Admissions." *See Langley*, 956 So. 2d at 973; *Prime Rx*, 917 So. 2d at 795; *DeBlanc*, 814 So. 2d at 801; *Earwood*, 798 So. 2d at 516; *Martin*, 571 So. 2d at 255; *Sawyer*, 556 So. 2d at 698; *Educ. Placement Servs.*, 487 So. 2d at 1318.

13

¶17.    For certain, all courts, counsel, and litigants would rather see cases decided on the merits.  But this aspirational goal carries with it a commensurate responsibility imposed upon all to abide by the Rules and the decisions of our courts, as opposed to seeking a benevolent decision from a trial judge.  *See **DeBlanc***, 814 So. 2d at 801 (citing ***Earwood***, 798 So. 2d at 516) ("Rule 36 is to be enforced despite the fact that harsh consequences might result . . . .").  But for Young's conduct (or lack thereof), perhaps that goal could have been achieved in this case.  In summation, we conclude that Young's assertion of abuse of discretion must fail, as the record clearly reveals the circuit judge properly followed the applicable rule and our caselaw interpreting same.

**II.    Whether the circuit court erred in granting summary judgment in favor of Dr. Smith and BMH-D.**

¶18.    "The standard of review for a trial court's grant or denial of a motion for summary judgment is de novo."  ***J.R. v. Malley***, 62 So. 3d 902, 905 (Miss. 2011) (citations omitted).  Mississippi Rule of Civil Procedure 56(c) provides, in pertinent part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Miss. R. Civ. P. 56(c).  "[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law."  ***Galloway v. Travelers Ins. Co.***, 515 So. 2d 678, 684 (Miss. 1987).

14

¶19. Young submits that Dr. Smith and BMH-D "waived" their "Renewed Motions for Summary Judgment" based upon the "failure to timely and reasonably pursue" a motion for summary judgment. Young further asserts that "[e]ven without withdrawal of the 2001 admissions, a genuine issue as to deviations from the accepted standard of professional practice on the part of Defendants, and causation of the death of [Clarence Young] exists, and the trial court erred in granting summary judgment in favor of Defendants."

¶20. As to Young's waiver argument, Dr. Smith and BMH-D maintain that Rule 36 is a "self-executing" "discovery device" that "does not require any action on the part [of] a Defendant for matters to be deemed admitted and conclusively established. Because such failures to respond result in a judicial admission, and not the creation of an 'affirmative defense,' . . . waiver arguments are misplaced."[10] Regarding summary judgment, Dr. Smith and BMH-D respond that, "[p]ursuant to the requirements of Rule 36, the Plaintiffs' admissions were deemed admitted by operation of law." Because Young "made allegations of medical malpractice[,]" then "expert medical testimony was essential to their claims . . . . With these matters conclusively established,[11] there are no genuine issues of material fact as to whether [Young] would be able to establish a viable claim for medical negligence." *See Hubbard v. Wansley*, 954 So. 2d 951, 956-57 (Miss. 2007). In short, Dr. Smith and BMH-D contend that Young "admitted that they did not have a qualified medical expert to support

---

[10]Dr. Smith and BMH-D add that to hold otherwise "would require them to predict the future of [Young's] failure to comply with the discovery rules."

[11]According to Dr. Smith and BMH-D, "[a]s the motion to withdraw in this case was denied, . . . [Young] w[as] not allowed to attempt to contradict the matters 'conclusively established.'"

15

their medical negligence claim" and "where a matter deemed admitted is an essential element of the claim presented, then summary judgment is properly granted on that claim."

¶21. This Court rejects Young's waiver argument based on the same reasoning and logic used by the circuit judge. *See* ¶ 7 *supra*. First, the admission exists by operation of law. *See* Miss. R. Civ. P. 36. An admission is not an affirmative defense. Rather, it establishes a factual matter for purposes of evaluating the elements of a party's claim or defense. Mississippi Rule of Civil Procedure 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Miss. R. Civ. P. 56(b) (emphasis added). As a motion for summary judgment can be made at any time, it is incongruous to argue the "Renewed Motions for Summary Judgment" were untimely.[12]

¶22. This Court has stated that "[a] matter that is deemed admitted does not require further proof. *Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence*." **DeBlanc**, 814 So. 2d at 801 (quoting 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 36.03[2], at 36-15 (3d ed. 2001) (footnotes omitted)) (emphasis added). *See also* **Prime Rx**, 917 So. 2d at 795 (quoting **DeBlanc**, 814 So. 2d at 800) (when a matter is "conclusively established" under Rule 36, it may not be "offset by a conflicting answer to interrogatories."); **In re Carney**, 258 F.3d at 420 (citing **Dukes**, 770 F.2d at 548-49) ("[s]ince

---

[12]This is true unless the motions were in violation of a local rule or a pretrial order. *See* Miss. R. Civ. P. 16.

16

Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record.").  The effect of the subject admissions was that Young's medical malpractice claims against Dr. Smith and BMH-D lacked any "qualified medical expert" to testify that Dr. Smith "deviated from the applicable standard of care for an emergency room physician" or that "any alleged deviation from the applicable standard of care" by Dr. Smith "proximately caused or contributed to" Clarence Young's death.  Thus, the essential elements of breach of duty and causation were absent.  "The trial court had no duty to review any pleadings, deposition testimony, interrogatory answers, etc., to refute a matter conclusively established by defendants' deemed admissions . . . ." *Prime Rx*, 917 So. 2d at 796.  Based upon the deemed admissions, no genuine issues of material fact remain as to Young's claims against Dr. Smith and BMH-D.  Thus, the circuit court did not err in granting summary judgment in favor of Dr. Smith and BMH-D.

## CONCLUSION

¶23.   In sum, this Court concludes that the circuit court did not abuse its discretion in denying Young's "Motion to Withdraw Admissions."  Given those admissions, no genuine issues of material fact remain as to Young's claims against Dr. Smith and BMH-D. Therefore, this Court affirms the circuit court's "Order Granting Motions for Summary Judgment" in favor of Dr. Smith and BMH-D.

¶24.   **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., CHANDLER, PIERCE AND KING, JJ., CONCUR. WALLER, C.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J.**

17

**KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. LAMAR, J., NOT PARTICIPATING.**

**WALLER, CHIEF JUSTICE, SPECIALLY CONCURRING:**

¶25.    I agree with the majority's affirmance of summary judgment in favor of Dr. Robert Smith and Baptist Memorial Hospital-DeSoto, Inc. I write separately, however, to emphasize the two-pronged test outlined in Rule 36(b) of the Mississippi Rules of Civil Procedure. In deciding to allow withdrawal or amendment of a deemed admission, the trial judge should consider whether withdrawal or amendment promotes the presentation of the underlying merits, and whether the opposing party has shown that the withdrawal or amendment would result in unfair prejudice to the party's ability to maintain the case or defend against it. M.R.C.P 36(b). This Court has directed trial courts to carefully examine Rule 36(b) motions under this two-pronged test. *DeBlanc v. Stancil*, 814 So. 2d 796, 802 (Miss. 2002). This is the best practice, though not explicitly applied here.

**DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.**

**KITCHENS, JUSTICE, DISSENTING:**

¶26.    In *DeBlanc v. Stancil*, 814 So. 2d 796 (Miss. 2002), this Court thoroughly examined our jurisprudence regarding Mississippi Rule of Civil Procedure 36 and held, unequivocally, that "[j]ust as a matter admitted is 'conclusively established' by the express terms of the Rule, the trial court is likewise *directed* to carefully examine a Rule 36(b) motion under the two-prong test there provided." *Id.* at 802 (emphasis added). The majority's holding that "a trial court 'may' but is not required to consider the two-pronged test in denying a motion to withdraw or amend," directly contravenes this Court's unequivocal holding in *Deblanc*,

18

814 So. 2d at 802 (Miss. 2002). Because both prongs of Rule 36(b) weigh heavily in favor of the plaintiffs, and because the defendants clearly abandoned their reliance on the deemed admissions, the trial court abused its discretion in denying the plaintiffs' motion to withdraw and subsequently granting summary judgment in favor of Dr. Smith and BMH-D. Inasmuch as I would reverse the grant of summary judgment and remand for a trial on the merits, I respectfully dissent.

¶27.    While the trial court generally has broad discretion over pretrial discovery matters, matters conclusively established are not necessarily "irrevocably admitted." ***Educ. Placement Servs. v. Wilson***, 487 So. 2d 1316, 1318 (Miss. 1986). Rule 36 places a firm deadline on filing responses to requests for admission but is notably silent as to the timing of motions to withdraw deemed admissions. In evaluating motions to withdraw or amend deemed admissions, this Court has pronounced:

> While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances. The trial court's ruling in this regard is subject to review for abuse of discretion. The purpose of the rule is to determine which facts are not in dispute. [7 James W. Moore, et al., *Moore's Federal Practice* ¶ 36.02[1] at 36-37) (3d ed. 2001)]. It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance. Just as a matter admitted is "conclusively established" by the express terms of the Rule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.

***DeBlanc***, 814 So. 2d at 801-802. Thus, while Rule 36 grants discretion to the trial court in considering a motion to withdraw or amend, "it is the policy of our system of judicial administration to favor disposition of cases on their merits." ***Bell***, 467 So. 2d at 661 (citing

19

*Manning v. Lovett*, 228 Miss. 191, 195, 87 So. 2d 494, 496 (1956); *S.W. Sec. Ins. Co. v. Treadway*, 113 Miss. 189, 197, 74 So. 143, 145 (1917)).

¶28. The trial judge in the present case denied the plaintiffs' motion to withdraw the deemed admissions because (1) the plaintiffs did not offer an explanation for the seven-year delay in seeking a withdrawal and because (2) there were "no compelling circumstances to justify allowing an untimely reply to avoid admissions." Although the trial judge's opinion quoted the language of Rule 36(b), it did not apply the two-pronged test of that rule, that is, whether "the presentation of the merits of the action will be subserved" and whether "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b). Instead, the trial court focused on the delay between the requests for admission and the motion for withdrawal, not on the effect his ruling would have on resolution of the case on its merits.

¶29. On appeal, the plaintiffs correctly argue that this delay, standing on its own, is not sufficient to justify the denial of a motion to withdraw deemed admissions, and that the trial court must apply the two-pronged test of Rule 36(b). As noted above, this Court clearly has held that, "[j]ust as a matter admitted is 'conclusively established' by the express terms of the Rule, the trial court is likewise *directed* to carefully examine a Rule 36(b) motion under the two-prong test there provided." *DeBlanc*, 814 So. 2d at 802 (emphasis added). Thus, when a party files a motion to withdraw or amend deemed admissions, the trial court is obliged to apply the two-pronged test enunciated in Rule 36(b). The delay in seeking a withdrawal or amendment, and the reasons for the delay, are factors that must be considered in determining whether there was prejudice to the nonmoving party; but delay alone will not

20

support denial of a motion to withdraw or amend. *See In re Dissolution of Marriage of Leverock and Hamby*, 23 So. 3d 424 (Miss. 2009) (although party gave no explanation for his untimely response to requests for admission, he could move to withdraw default admissions on remand). *Cf. Scoggins v. Baptist Mem'l Hosp.-Desoto*, 967 So. 2d 646, 649 (Miss. 2007) (delay in responding to requests sufficient to deem requests admitted when dilatory party made no motion to withdraw or amend); *Martin v. Simmons*, 571 So. 2d 254 (Miss. 1990) (same).

¶30.	With respect to the first prong of the test, i.e., whether "the presentation of the merits of the action will be subserved" by allowing the withdrawal, the parties do not dispute that a trial on the merits is foreclosed if the default admissions are allowed to stand. Dr. Smith had asked the plaintiffs to admit that they had engaged no medical expert to testify on their behalf. Without an expert, one cannot establish causation in a medical malpractice case. *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007). Indeed, the trial court recognized that "[t]he requests for admissions go to the heart of the Plaintiffs' claims." Thus, the merits of the case will not be adjudicated if the issue continues to be deemed admitted.

¶31.	With respect to the second prong, this Court has not squarely addressed what constitutes prejudice with respect to Rule 36(b) motions. However, cases interpreting the federal rules of civil procedure hold that, "[t]he reference to 'prejudice' in Rule 36(b) is to the prejudice stemming from reliance on the binding effect of the admission." 8B Charles Alan Wright, et al., *Federal Practice and Procedure* §2264, at 387-95 (3d ed. 2010)

(citations omitted).[13]  For example, the Fifth Circuit Court of Appeals, construing Rule 36 of the Federal Rules of Civil Procedure, has stated that "the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1120 (5th Cir. 1991) (citing *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).    This understanding of prejudice, in this context, is not inconsistent with this Court's ruling that prejudice, with respect to amendment of pleadings, results "where allowance of the amendment would burden the adverse party with more discovery, preparation, and expense, particularly where the adverse party would have little time to investigate and acquaint itself with the new matter." *TXG Intrastate Pipeline Co. v. Grossnickle*, 716 So. 2d 991, 1011 (Miss. 1997) (citing *Natural Mother v. Paternal Aunt*, 583 So. 2d 624, 617 (Miss. 1991)).

¶32.    It is plain that prejudice does not exist with respect to the defendants in this case; they cannot show that they relied on the default admissions either entirely or in part.  The plaintiffs provided the defendants the identity of their expert and a summary of his expected testimony on December 21, 2001.  Although Dr. Smith had filed a motion for summary

---

[13]Rule 36(b) of the Federal Rules of Civil Procedure is almost identical to our Rule 36(b):

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

22

judgment the day before, based on the plaintiffs' failure to respond to requests for admission, Dr. Smith abandoned that motion and chose to proceed by fully engaging in the usual pretrial discovery. Both Dr. Smith and BMH-D participated in deposing Dr. Hansen, the plaintiffs' expert, and both sought summary judgment based on Dr. Hansen's deposition testimony. During that time, and through the ensuing years of active litigation of this case, Dr. Smith never sought to set his original summary judgment motion for hearing. That did not occur until March of 2009, when Dr. Smith "tagged along" in the hospital's renewal of Dr. Smith's dormant 2001 summary judgment motion. Notably, BMH-D did not raise the issue of the plaintiffs' untimely response to Dr. Smith's requests until the case was appealed to this Court on other grounds. Clearly, the defendants were not proceeding in reliance on the deemed admissions, but instead forsook them while actively engaging in the discovery process with respect to the plaintiffs' medical expert. That the plaintiffs did not file a motion to withdraw the default admissions for seven years did nothing to affect defendants' actions in defending this case. The seventy-one days between the day the requests were filed and the day they were answered is negligible when compared to the eight years that passed between the filing of the complaint and the latest motion for summary judgment.

¶33. The majority relies heavily on *Earwood v. Reeves*, 798 So. 2d 508 (Miss. 2001), and *Educational Placement Services*, 487 So. 2d 1316, but both of those cases were decided before *DeBlanc*, 814 So. 2d 796, and both are readily distinguishable. In *Educational Placement Services*, 487 So. 2d at 1818, the defendant never responded to the requests for admission; the defendant "appear[ed] simply to have ignored the request." In determining that the matters had been admitted, the Court reasoned that "[m]ore than a year's inaction on

23

the part of the party to whom the request has been submitted must of necessity result in the matters being taken as admitted if the rule is to have any meaning of force at all." *Id.* at 1318. In the present case, the plaintiffs did respond to the requests for admission, albeit untimely. Moreover, the Court in *Educational Placement Services*, 487 So. 2d at 1818 n.1, noted that the subject matter of the requests related to issues of *in personam* jurisdiction and venue and that "those defenses are subject to waiver if not timely asserted." (Citing M.R.C.P. 12(h)(1)). Thus, unlike the case before us, the deemed admissions in *Educational Placement Services* would not have foreclosed "the presentation of the merits of the action." M.R.C.P. 36(b).

¶34. The opinion in *Earwood*, 798 So. 2d 508, did not discuss the subject matter of the requests for admission; thus, it is not clear whether the deemed admissions would have prevented a decision on the merits. Instead, in affirming the trial court's denial of the defendants' motion to withdraw, the Court focused on the defendants' ten-month delay in responding to the requests and that the defendants were an attorney and a law firm. *Id.* at 516-17. "This is not an instance where an attorney's mistake prejudiced the defense of a client who knew nothing of the rules or requirements and would suffer because of his attorney's inaction. The client was an attorney and his entire firm." *Id.* at 517. In the present case, the plaintiffs responded in a significantly shorter time than ten months, and it is not alleged that the plaintiffs themselves have any legal training such that they would have been aware of the rules of civil procedure. Moreover, the plaintiff in *Earwood* timely pursued her motion to deem the requests for admission admitted; she received a ruling within

24

four months of filing her motion. Dr. Smith and BMH-D waited years before seeking a ruling on Dr. Smith's motion.

¶35. Finally, I note that "the purpose of requests for admissions is to narrow and define issues for trial. Properly used, requests for admissions serve the expedient purpose of eliminating the necessity of proving essentially undisputed and peripheral issues of fact." *Haley v. Harbin*, 933 So. 2d 261, 262-63 (Miss. 2005) (internal quotations and citations omitted). Moreover, "[d]iscovery methods, including but not limited to, interrogatories and requests for admissions, are not to be used as a ruse or stratagem to obfuscate the truth or to trick an opposing party into admitting a disputed fact." *Id.* at 262 (internal citations omitted). Allowing the deemed admissions to stand clearly forecloses a decision on the merits and subverts the purpose of the rule.

¶36. The plain language of Rule 36(b) of the Mississippi Rules of Civil Procedure provides that a trial court may permit withdrawal or amendment of admissions where to grant the motion would subserve the presentation of the merits of the case, and the party who obtained the admissions cannot show that withdrawal would prejudice his or her ability to present his or her position on the merits. Once a party has properly entered a motion to withdraw or amend admissions, the trial court should evaluate that motion according to the terms of the two-pronged test outlined in Rule 36(b). In the present case, the test was ignored. Because both prongs weigh heavily in favor of the plaintiffs, and because the defendants clearly did not rely on these deemed admissions while engaging in years of litigation, the trial court abused its discretion in denying the plaintiffs' motion to withdraw. Accordingly, I would reverse summary judgment and allow the case to proceed to an adjudication on the merits.