IRVING, P.J.,
for the Court:
¶ 1. On July 16, 2009, Citibank (South Dakota), N.A. fíled a complaint in the Marshall County Circuit Court against Jonathan Hickman, seeking recovery of a delinquent credit card debt totaling $2,299.20. Citibank also sought post-judgment interest at a rate of 8%, attorney’s fees of $766.40, and all court costs. On May 5, 2010, Citibank filed a motion for summary judgment. The circuit court granted the motion, awarding Citibank the principal amount of $2,299.20; plus post-judgment interest at a rate of 8% per year; and all court costs. ' The circuit court also awarded $2,000 in attorney’s fees, which exceeded the amount requested in Citibank’s complaint.
¶ 2. Feeling aggrieved, Hickman appeals and raises several issues on appeal. In the interest of clarity, we have consolidated the issues as follows: (1) whether the circuit court erred in granting summary judgment and (2) whether the circuit court abused its discretion in awarding additional attorney’s fees.
¶ 3. Based on the facts of this case, the circuit court did not err in granting summary judgment or in awarding attorney’s fees. However, the amount of attorney’s fees awarded was unreasonable. Therefore, we affirm' the circuit court’s judgment as modified.
FACTS
¶ 4. The style of the case in Citibank’s complaint listed Hickman as the defendant; however, the complaint’s prayer for relief erroneously listed “Jonathan Carpenter” as the defendant.[1] Hickman filed an answer and a motion to dismiss, arguing for the dismissal of Citibank’s complaint based on the typographical error in the prayer for relief. Following a hearing, the circuit court denied Hickman’s motion to dismiss.
¶ 5. On April 7, 2010, Citibank served Hickman with discovery in the form of interrogatories, requests for production of documents, and requests for admissions. Hickman failed to respond to any of Citibank’s discovery requests. Having received no response to its discovery requests, Citibank filed a motion for summary judgment. It also filed a motion to amend its complaint and attached a copy of the proposed amended complaint as an exhibit. In the proposed amended complaint, Citibank changed the name in the prayer to “Jonathan Hickman.” The *693 proposed amended complaint was identical to the original complaint in all other respects.
¶6. On October 14, 2010, the circuit court held a hearing on Citibank’s motion to amend its complaint and its motion for summary judgment. Hickman appeared pro se and stated that he had received a copy of the proposed amended complaint. However, he stated that he believed that Citibank’s amendment of the complaint meant that his case “startled] over brand new,” entitling him to additional time to prepare his defense and respond to discovery. The court acknowledged that it had continued the case to allow Citibank to amend its complaint.[2] However, the court explained that its continuation of Hickman’s case for the limited purpose of amending the complaint did not effect the deadlines for responding to discovery.
¶ 7. The circuit court ruled in favor of Citibank based on Hickman’s failure to respond to discovery. The court also awarded attorney’s fees of $2,000, which was in excess of the amount requested in Citibank’s complaint. The court stated that the additional amount was intended to compensate the attorney for time spent traveling to hearings and other matters during the pendency of the case.
¶ 8. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Summary Judgment

¶ 9. An appellate court reviews a circuit court’s decision to grant or deny a motion for summary judgment de novo. Young v. Smith, 67 So.3d 732, 741 (¶ 18) (Miss.2011). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id. (quoting M.R.C.P. 56(c)).
¶ 10. Hickman argues that the circuit court erred in granting summary judgment in favor of Citibank based on his failure to respond to discovery requests. Specifically, Hickman contends that the circuit court’s continuation of the case meant that he' did not have to respond to the discovery requests until after Citibank filed its amended complaint. We disagree.
¶ 11. Citibank amended its complaint for the sole purpose of correcting a party-name error in the complaint’s prayer for relief. The Mississippi Supreme Court has consistently recognized that “the doctrine of misnomer allows parties to correct party-name errors if doing so would not result in prejudice.” Scaggs v. GPCH-GP, Inc., 23 So.3d 1080, 1083 (¶ 9) (Miss.2010) (citations omitted). “If the effect of an amendment of a pleading is merely to correct the name of a person, and the proper party is actually in court, as where process has actually been served on the true defendant, or he has appeared and defended or otherwise submitted himself to the jurisdiction of the court, there is no prejudice.” Id. (quoting 67A C.J.S. Parties § 237 (2002)). “In sum, under Mississippi law, an amendment is permitted so long as the evidence does not suggest that the misnomer misled the parties into thinking that *694 another party was meant.” Rich v. Nevels, 578 So.2d 609, 612 (Miss.1991) (internal citations and quotations omitted).
¶ 12. It is undisputed that the style of the complaint correctly identified Hickman as the defendant. Additionally, Citibank’s statement of account, which'was attached as an exhibit to the complaint, lists Hickman as the account holder. Finally, the summons issued correctly identified Hickman as the defendant, and Hickman appeared in court to defend his case. Based on these facts, we fail to see how the misnomer in the prayer could have misled Hickman. The style of the complaint, the exhibits, and the summons all correctly identified Hickman as the defendant and were sufficient to notify him that he was being sued by Citibank.
¶ 13. The circuit court’s decision to continue the case for the limited purpose of allowing Citibank to amend its complaint to correct the misnomer in the prayer did not extend the discovery deadlines or hold discovery in abeyance. Additionally, Hickman cites no authority for his argument that the circuit court’s continuance of the case to allow Citibank to amend its complaint automatically tolled the time limit for responding to discovery, and we are aware of none.[3]
¶ 14. Because Hickman failed to respond to Citibank’s requests for admissions, the circuit court deemed the subject requests admitted. See M.R.C.P. 36(a). Matters admitted are “conclusively established unless the court on motion permits withdrawal or amendment of the admission[s].” M.R.C.P. 36(b). Hickman never filed a motion to withdraw or amend the admissions. Consequently, Hickman admitted that he had applied for a credit card with Citibank, made charges on the account, and failed to pay the outstanding balance of $2,299.20. Our supreme court has stated that “a matter that is deemed admitted does not require further proof.” Young, 67 So.3d at 742 (¶ 22) (quoting DeBlanc v. Standi, 814 So.2d 796, 801 (¶25) (Miss.2002)). Based on Hickman’s deemed admissions, no genuine issues of material facts remained, and the circuit court did not err in granting summary judgment in favor of Citibank.

2. Attorney’s Fees

¶ 15. Hickman argues that the circuit court erred in awarding attorney’s fees of $2,000, which exceeds the amount requested in Citibank’s complaint. An appellate court reviews a circuit court’s decision to award attorney’s fees for abuse of discretion. Par Indus. v. Target Container Corp., 708 So.2d 44, 54 (¶ 26) (Miss.1998). Citibank filed suit to collect a delinquent credit card debt-an open account.[4] The Mississippi Legislature has specifically provided for attorney’s fees in suits to collect an open account provided that certain requirements are met:
When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person *695 shall be liable for reasonable attorney’s fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff.... If that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney’s fees to be set by the judge.
Miss.Code Ann. § 11-53-81 (Rev. 2002). Citibank submitted a demand letter to Hickman that fulfilled the requirements set forth in section 11-53-81, and the circuit court granted summary judgment in favor of Citibank. Therefore, Citibank was entitled to an award of reasonable attorney’s fees. The Legislature has provided guidance regarding what constitutes a reasonable fee as follows:
In any action in which a court is authorized to award reasonable attorneys’ fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court’s own opinion based on experience and observation; provided[,] however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.
Miss.Code Ann. § 9-1-41 (Rev. 2002). In this case, Citibank’s attorney submitted an affidavit averring that $766.40 was a reasonable fee commensurate with the amount of work associated with a debt-collection case and similar to fees charged by other attorneys doing the same type of work. However, at the hearing on the motion for summary judgment, the circuit court determined that $2,000 was a reasonable fee based on the fact that Citibank’s attorney was required to travel from Jackson, Mississippi, to Marshall County and Union County during the pendency of the case.
¶ 16. While an award of attorney’s fees is left largely to the sound discretion of the circuit court, an appellate court “does not leave the reasonableness of an award ... to the arbitrary discretion of the [circuit court].” Par Indus., 708 So.2d at 54 (¶ 28). In fact, our supreme court has established a rebuttable presumption that “an award of one-third [of] the amount of the indebtedness in collection matters is reasonable.” Id. (quoting DynaSteel Corp. v. Aztec Indus., 611 So.2d 977, 987 (Miss.1992)). Here, Citibank recovered $2,299,20, and it sought attorney’s fees of $766.40, which is one-third of the recovered amount. However, the circuit court awarded $2,000 in fees — nearly the entire amount of the recovery. We see no basis for the increased award where the attorney’s fees that Citibank originally requested were presumptively reasonable, and there was no effort to rebut that presumption. Accordingly, we affirm the circuit court’s award of attorney’s fees but reduce the amount awarded to $766.40.
¶ 17. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS AFFIRMED AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. The exhibits attached to the complaint include a statement of account from Citibank and a demand letter from Citibank's attorneys. The statement of account lists Hickman as the account holder and the demand letter is addressed to Hickman.

. Based on our review of the record, it is unclear when the circuit court continued the case. The record does not contain a transcript of the hearing on the motion to dismiss, and the order denying the motion does not discuss a continuance of the case. Suffice it to say, the circuit court instructed Citibank to amend its complaint to correct the prayer at some point prior to Citibank's filing its motion to amend.

. Our supreme court has considered a similar argument in the context of motions to transfer. See Earwood v. Reeves, 798 So.2d 508, 515 (¶21) (Miss.2001). In Earwood, the supreme court rejected the argument that filing a motion to transfer automatically tolled the deadlines for responding to discovery. Id.

. Our supreme court has defined an open account as "an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions.” Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 914-15 (Miss.1993) (citing Westinghouse Credit Corp. v. Moore & McCalib, Inc., 361 So.2d 990, 992 (Miss.1978)).