FAIR, J.,
for the Court:
¶ 1. Brothers Tim and Johnny Sellers, joint owners of a parcel of land in rural Forrest County, brought suit against Donald Locklear, a neighboring landowner. The Sellerses alleged Locklear had constructed a road across their property, *980 against their express direction. The Sell-erses’ request for admissions was deemed admitted by the chancery court after Locklear, who was not represented by counsel at the time, failed to respond. The admissions resolved liability, and a trial on damages resulted in awards of approximately $64,000 in compensatory damages, $126,000 in punitive damages, and $25,000 in attorney’s fees. Locklear appeals, and we affirm.
FACTS
¶ 2. The Sellerses inherited their property, 120 acres straddling Forrest and Perry Counties, which had once been part of a larger block of family land.[1] Locklear purchased a parcel to the south that apparently was once also Sellers family land. The Sellerses’ aunt, Mary Sellers, who owned property to the east of the Sellers-es, sold Locklear an easement to build a road to access his property. Locklear’s gravel road traveled south down the western edge of the Sellers’s property until approximately 1,000 feet from Locklear’s property line, if it had continued due south. There, an existing trail “cut the corner” of the Sellerses’ property at approximately a thirty-degree angle. Lock-lear built his road over the trail, and some land adjoining it was cleared for the installation of utilities.[2] The road spanned about 1,200 feet on the Sellerses’ property, and approximately 84,000 square feet was disturbed. Ultimately, Locklear subdivided his parcel and cashed out. Several homes were constructed on the former Locklear property, and the Locklear road was used to access them.
¶ 3. Locklear’s most relevant admissions were:
REQUEST NO. 6: Admit that [Lock-lear] trespassed on the [Sellerses’] property.
REQUEST NO. 7: Admit that [Lock-lear] was advised and specifically instructed to stay off the [Sellerses’] property, that the admonition was ignored[, and that] Locklear entered the [Sellers-es’] property anyway.
[[Image here]]
REQUEST NO. 11: Admit that the [Sellerses] suffered damages to the property as a result of [Locklear’s] trespass.
REQUEST NO. 12: Admit that [Lock-lear’s] trespass was intentional, malicious[,] and grossly negligent.
REQUEST NO. 13: Admit that the [Sellerses] are entitled to damages pursuant to Mississippi law for the trespass of [Locklear,] to include punitive damages.
[[Image here]]
REQUEST NO. 16: Admit that the [Sellerses] are entitled to have their property restored to its original condition if it can be.
REQUEST NO. 17: Admit that [the Sellerses] are entitled to attorney’s fees and all expenses associated with the filing and pursuit of this claim.
At the damages hearing, Tim Sellers testified that he had repeatedly refused Lock-lear’s overtures for a right of way over the Sellers property. He had once given Locklear oral permission to use the trail for personal travel to and from his lot, but Tim had repeatedly denied Locklear’s request to construct a road. While the road was under construction, Tim personally went to the site and instructed Locklear *981 not to build the road on his property. Locklear said he would not, but did it anyway.
¶4. Locklear testified Tim Sellers had orally agreed to allow the road to be built on his property in exchange for the right to use it.
¶ 5. Bubba Catt testified as an expert in excavation and road building. He viewed the Sellers property and concluded that restoration would require busting up the roadbed, removing the fill and gravel, and replacing the topsoil and vegetation. Catt estimated the cost at nearly $64,000.
STANDARD OF REVIEW
¶ 6. Questions of law are reviewed de novo. Irving v. Irving, 67 So.3d 776, 778 (¶ 11) (Miss.2011). A chancellor’s factual findings, on the other hand, will not be disturbed unless he was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. Carambat v. Carambat, 72 So.3d 505, 510-11 (¶ 24) (Miss.2011). As long as substantial evidence supports the chancellor’s findings, an appellate court is without authority to disturb them, even if it would have found otherwise as an original matter. Joel v. Joel, 43 So.3d 424, 429 (¶ 14) (Miss.2010). Additionally, if the chancellor has made no specific findings and none are required under a “factor test” mandated by case law, we generally proceed on the assumption that he resolved fact issues in favor of the prevailing parties. Ferrara v. Walters, 919 So.2d 876, 881 (¶ 8) (Miss.2005).
¶ 7. With regard to Mississippi Rule of Civil Procedure 36 admissions: “A matter that is deemed admitted does not require further proof. Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence.” Young v. Smith, 67 So.3d 732, 742-43 (¶ 22) (Miss.2011) (citation omitted). “Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted.... ” Id. at 743 (¶ 22) (citation omitted).
DISCUSSION
¶ 8. Locklear lists five issues, but he has briefed just three. We address only those issues supported by argument and citation to authority. M.R.A.P. 28(a)(6); In re Adoption of Minor Child, 931 So.2d 566, 578 (¶ 34) (Miss.2006).
1. Restoration Costs
¶ 9. Locklear contends the chancellor erred in using restoration cost as the measure of compensatory damages because, according to him, the road actually improved the value of the Sellers property. He points out that the general rule is that restoration costs will only be awarded where the cost of restoration is less than the diminution in value of the property. See, e.g., Harrison v. McMillan, 828 So.2d 756, 769 (¶ 43) (Miss.2002). Proof of the cost of restoration “is usually confined to the introduction of evidence to show a reduction, and not an increase, of damages above the diminution in value of the land resulting from the injury.” Id. (quoting Bynum v. Mandrel Indus., Inc., 241 So.2d 629, 634 (Miss.1970)).
¶ 10. The flaw in Locklear’s argument is that it was deemed admitted that the Sellerses were entitled to restoration damages. Admissions under Rule 36 are conclusive and final. Young, 67 So.3d at 742-43 (¶ 22).
¶ 11. Moreover, Locklear’s contention that the property value was increased is contradicted by his admission that it was damaged. In Bell v. First Columbus National Bank, 493 So.2d 964, 969-70 (Miss.1986), the Mississippi Supreme Court dis *982 cussed at length the various ways to measure damage to real property. The court concluded:
Plaintiff can choose to prove either reasonable cost of replacement or repairs or diminution in value, and if he proves either of these measures with reasonable certainty, damages are- allowable, so long as the plaintiff will not be unjustly enriched and the defendant does not demonstrate that there is a more appropriate measure of damages.
Id. at 970. Locklear begs the question of whether the diminution in value exceeds the restoration cost; he presented no evidence of the before and after values of the property. Even if this issue were not disposed of by Locklear’s admissions, it is without merit because he has failed to show a better measure of damages.
2. Punitive Damages
¶ 12. Locklear next argues that punitive damages should not have been awarded. He admits that punitive damages may be assessed against a defendant for a wilful, grossly negligent, or wanton trespass. R & S Dev., Inc. v. Wilson, 534 So.2d 1008, 1013 (Miss.1988). But Locklear again attempts to contradict his own admissions by arguing his trespass was not intentional. That cannot be done. See Young, 67 So.3d at 742-43 (¶ 22).
¶ 13. Locklear’s argument also depends on the assumption that the chancellor had to believe his testimony over Tim Sellers’s. Credibility is a question for the chancellor and not the reviewing court. Trim v. Trim, 33 So.3d 471, 479 (¶ 20) (Miss.2010).
¶ 14. Locklear also contends there was no damage to the Sellers property, an argument we have also already rejected.
¶ 15. This issue is without merit.
3. Attorney’s Fees
¶ 16. Locklear correctly points out that attorney’s fees are only recoverable in limited circumstances. He cites City of Laurel v. Bush, 238 Miss. 718, 120 So.2d 149 (1960), for this proposition. However, Bush goes on to say: “The rule in this state is that, in the absence of statute, attorney’s fees are not recoverable,, unless the facts are of such gross or willful wrong as to justify the infliction of punitive damages.” Id. at 730, 120 So.2d at 155 (citation omitted). Since punitive damages were properly awarded, attorney’s fees were as well.
¶ 17. Locklear makes no other arguments against the award of attorney’s fees. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. The damaged portion of the property is entirely in Forrest County.

. The utilities were installed and later removed. The Sellerses also sued two utility company defendants, who settled and are not parties to this appeal.