# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-02004-SCT

*DAVID SCOGGINS*

*v.*

*BAPTIST MEMORIAL HOSPITAL-DESOTO*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/26/2006 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN MICHAEL BAILEY |
| ATTORNEY FOR APPELLEE: | WALTER ALAN DAVIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/25/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., DICKINSON AND LAMAR, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this case we are asked to determine when a request for admission is deemed admitted. We find that the requests at issue here were admitted for failure to respond. As a result, no factual or legal issues are in dispute, and summary judgment was properly granted to the defendants.

### Facts and Proceedings Below

¶2. David Scoggins is a resident of Memphis, Tennessee, who underwent a colonoscopy at Baptist Memorial Hospital-Desoto ("Baptist"), in Southaven. He filed a complaint against Baptist, the chief executive officer of Baptist, "Unknown Surgical Nurse One" and

"Unknown Surgical Nurse Two," alleging that a malfunction in a cauterizing machine caused him a damaged colon, a tear in his abdominal wall, respiratory arrest, an erratic heart rate, and an extended stay in intensive care on a ventilator, along with other injuries. Although the complaint was against a hospital, its director, and nurses for events surrounding a medical procedure, the complaint was grounded solely upon a theory of negligence, not medical negligence.

¶3. When Baptist answered the complaint on February 13, 2006, it propounded discovery to Scoggins, including a series of requests for admission. After nearly five months of silence from Scoggins and his counsel, Baptist filed a motion for summary judgment on June 23, 2006. The motion was based upon three reasons: first, that Scoggins did not attach a certificate of expert consultation as required in medical negligence cases pursuant to Mississippi Code Section 11-1-58 (Rev. 2002); second, that Scoggins did not have an expert witness to testify regarding medical negligence, as required in our medical negligence cases *(See Brooks v. Roberts*, 882 So. 2d 229, 232 (Miss. 2004)); and third, that the requests for admission propounded to Scoggins were never answered, and therefore deemed admitted, "conclusively establishing all issues for trial in favor" of the defendants.

¶4. By July 5, 2006, Baptist had received no response to its motion, and noticed it for a hearing for October 3. On July 13, 2006, counsel for Scoggins apparently attempted to answer the interrogatories and requests for production propounded by Baptist, and also filed a "motion to allow late filing of discovery requests." The motion detailed that both of his parents had been gravely ill with cancer at the time the discovery was propounded, and that his father had passed away on March 1, 2006. Counsel for Scoggins admitted that the

2

requests for admission were not answered in a timely fashion but did not ask the trial court to the withdraw them. The motion clung to the idea that "this is a standard negligence case regarding negligent maintenance of a machine and/or electrical system . . . and the majority of the Requests for Admissions are grounded in the medical malpractice statute."

¶5.     Counsel for Scoggins did not file a response to the motion for summary judgment until August 31, 2006—roughly two months after its filing. Counsel for Scoggins never asked for time from Baptist to file the response late, nor did he ask permission of the trial court. The response argued that summary judgment was inappropriate, again holding steadfastly that the case was not medical in nature, but rather something to which a layperson could testify; in the alternative, the response alleged res ipsa loquitur.

¶6.     After a hearing, the trial court determined that the requests for admission were admitted because there was no legitimate reason for failure to answer, and because counsel for Scoggins never filed a motion to withdraw the requests. Because the requests were admitted, there were no factual or legal issues in dispute, and summary judgment was granted to the defendants.

¶7.     Aggrieved, Scoggins appeals, assigning seven errors to the trial court. They include that the trial court ignored questions of material fact; that the case was a "standard electrical negligence case," and not one of medical negligence; that no certificate of consultation with an expert was needed, as the case was not medical negligence in nature; that res ipsa loquitur applied; that Scoggins still had pending motions before the trial court; that discovery was still pending; and lastly, that the trial court should not have deemed the requests for admission

3

as admitted. As the entire case turns on whether the requests for admission were admitted, we need not address the other issues.

## Discussion

¶8.    "Matters of discovery are left to the sound discretion of the trial court, and discovery orders will not be disturbed unless there has been an abuse of discretion." *Earwood v. Reeves*, 798 So. 2d 508, 514 (Miss. 2001) (*citing Dawkins v. Redd Pest Control Co.*, 607 So. 2d 1232, 1235 (Miss.1992)). Specifically, "[a] certain amount of discretion is vested in the trial judge with respect to whether he or she will take matters as admitted." *Id. (citing In re City of Ridgeland*, 494 So. 2d 348, 353 (Miss. 1986)).

¶9.    Mississippi Rule of Civil Procedure 36, which largely mirrors its federal counterpart, addresses at length the discovery process of requests for admission. Ideally, these requests narrow the actual legal and factual issues in a case. *See Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th. Cir. 1981) ("The purpose of [Federal] Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial"). This concept is taken very seriously, as "[t]he matter is admitted unless, within thirty days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . ." Miss. R. Civ. P. 36(a). Accordingly, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Miss. R. Civ. P. 36(b).

¶10.    In the case at hand, Baptist propounded eight requests for admission. Among them were:

4

1. Please admit that the plaintiff has no proof to support the allegations of any negligence on the part of the nurses, servants, or employees of the defendant . . . at the time of the subject incident.

. . .

4. Please admit that no nurse, employee, or agent of [Baptist] violated the applicable standard of care while providing care and treatment to plaintiff during his June 22, 2004 admission to [Baptist].

5. Please admit that no failure to meet the applicable standard of care on the part of any [Baptist] nurse, employee, or agent proximately caused the injuries alleged by the plaintiff in his complaint.

. . .

8. Please admit that you have no proof to offer of the alleged negligence of [the Baptist CEO].

Other requests asked the plaintiff to admit that he did not have a qualified expert witness to testify regarding the standard of care or proximate cause, and that an expert had reviewed his case prior to filing.

¶11. As noted above, the requests for admission were sent to counsel for Scoggins on February 13, 2006. Accordingly, to avoid being deemed admitted under Rule 36(b), counsel for Scoggins needed to answer within thirty days. One hundred forty-eight days later, counsel for Scoggins filed the "motion to allow late filing of discovery requests." The trial court was not persuaded by the arguments of counsel for Scoggins and ruled that the admissions would stand.

¶12. It is well-settled that a trial court has the discretion to allow admissions to be withdrawn even after they are admitted. *See* ***Earwood***, 798 So. 2d at 516 ("Mechanisms exist whereby a trial court may hold that an untimely response does not constitute a deemed admission because the trial court has broad discretion in pretrial matters.") (emphasis in

5

original). Conversely, "because of the trial court's broad discretion in such matters, it certainly may also require that parties comply with the rules as stated." *Id.*

¶13. In this case, the trial court determined that "the requests were deemed admitted by operation of law" after thirty days, which is in accord with Rule 36(a). We cannot say this was an abuse of the trial court's discretion. As we noted in *Earwood*, "[w]e are compelled to acknowledge the adage that rules are promulgated for a purpose, this being precisely an instance in which that principle applies." *Id.* As in that case, counsel for Scoggins "knew or should have known the severe consequences of failing to timely respond." *Id.* at 516.

¶14. On appeal, Scoggins argues that his late-filed motion, which consisted of responses to the interrogatories and requests for production, could be construed as a motion to withdraw the admissions pursuant to Rule 36(b). Yet the motion contains no reference to that rule of civil procedure nor any request to have the admissions withdrawn; as the trial court held, it simply "did not seek for the withdrawal of the already deemed admitted admissions."

¶15. The motion sets forth "[t]hat upon information and belief [Baptist] has made no inquiry as to the status of the Discovery by telephone or written communication." Our rule does not require a party to inquire of another whether requests for admission have been answered. Indeed, the point is that a diligent party will take great pains to ensure the requests have either been admitted or denied, as they are automatically deemed admitted after thirty days. The trial court did not abuse its discretion in refusing to construe this motion as one to withdraw the admissions.[1] As in the case of *Martin v. Simmons*, "[t]he problems

---

[1]We do not address in this case the fact pattern which did not occur: that is, if the troubles suffered by counsel for Scoggins, coupled with a motion to withdraw, would have

encountered by the [plaintiff] in this case could easily have been eliminated if a motion to withdraw or amend the answers had been filed pursuant to Rule 36(b) and if there were justifiable excuse." 571 So. 2d 254, 257 (Miss. 1990); *see also* **Sunbelt Royalty, Inc. v. Big-G Drilling Co., Inc.**, 592 So. 2d 1011 (Miss. 1992) (requests for admission deemed admitted where defendant failed to respond for nearly nine months).

¶16.    Scoggins further argues that the case should not be dismissed on the basis of a discovery violation.  To that end, he cites **Pierce v. Heritage Properties, Inc.**, where we allowed a case to be dismissed after it became clear that a party made willful misstatements during discovery.  688 So. 2d 1385, 1389 (Miss. 1997).  Scoggins urges that we apply the four-factor analysis used in **Pierce** to the case at hand.  However, this case was not dismissed because of a discovery violation.  The trial court's ruling had nothing to do with discovery violations.  Instead, the summary judgment ruling was based wholly upon the admissions of Scoggins, which in turn eliminated his ability to mount any factual or legal case against Baptist.

¶17.    For the foregoing reasons, the trial court did not abuse its discretion in finding the requests for admission were admitted.

### Conclusion

¶18.    While litigation can be time-intensive and time-consuming, attorneys must be precautious about  the drastic consequences of failing to timely answer requests for

suffced under the rule.  The purpose of our appellate review is not to settle questions in the abstract or to issue advisory opinions.  *See* **Gartrell v. Gartrell**, 936 So. 2d 915, 916 (Miss. 2006).

admission. In the case at hand, the trial court did not abuse its discretion in deeming the requests admitted, and ultimately rendering summary judgment in favor of the defendants. The trial court's judgment is hereby affirmed.

¶19. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**