# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01290-COA

GARY DILLON AND SHAWNA DILLON                    APPELLANTS

v.

PICO, INC.                                                APPELLEE

DATE OF JUDGMENT:                08/11/2016
TRIAL JUDGE:                     HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:       HARRISON COUNTY CIRCUIT COURT,
                                 FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANTS:        JAMES KENNETH WETZEL
                                 GARNER JAMES WETZEL
ATTORNEYS FOR APPELLEE:          KATHRYN BREARD PLATT
                                 MATTHEW MILES WILLIAMS
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
DISPOSITION:                     AFFIRMED - 09/19/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### GREENLEE, J., FOR THE COURT:

¶1.    Gary Dillon (Dillon) was injured in a vehicle accident with a tractor-trailer driven by an employee of PiCo Inc.  Dillon and his wife, Shawna, sued PiCo under a theory of respondeat superior.  PiCo was granted summary judgment after Dillon failed to respond timely to PiCo's requests for admissions.  On appeal, the Dillons argue the circuit court erred in (1) denying their motion to amend, withdraw, or "strike [the] tardiness of" Dillon's answers to the requests for admissions, (2) denying their motion for additional time to complete discovery, and (3) granting summary judgment.  We find no error and affirm.

### FACTS

¶2. On July 22, 2014, at approximately 5:30 a.m., Dillon rear-ended a tractor-trailer driven by PiCo employee David Rodgers. Dillon was paralyzed from the waist down as a result of the accident. On April 8, 2015, the Dillons filed suit in Hancock County Circuit Court against PiCo under the doctrine of respondeat superior. According to the Dillons' complaint, Dillon was driving north on Highway 603 in Hancock County, and Rodgers's tractor-trailer was on the shoulder, also facing north. Dillon claimed that without warning, Rodgers pulled onto the road directly in Dillon's path, causing the collision.[1] Dillon alleged PiCo's and Rodgers's negligence caused his injuries, and Shawna alleged loss of consortium.

¶3. On May 7, 2015, PiCo filed its answer and counterclaim, alleging the lawsuit was frivolous and seeking attorney's fees and costs. Also on May 7, 2015, PiCo served combined discovery requests, including requests for admissions to Dillon. Dillon was required to answer the requests for admissions by June 8, 2015. *See* M.R.C.P. 36(a) (setting a thirty-day deadline to answer requests for admissions). When the deadline passed, the requests were deemed admitted by default. *Id.* On July 14, 2015, Dillon answered PiCo's requests for admissions, denying all substantive requests. Discovery proceeded for the next eight months, and a trial was set for August 22, 2016.

¶4. On April 1, 2016, PiCo moved for summary judgment, relying in part on the deemed admissions. PiCo also moved to compel Dillon to respond fully to interrogatories and

---

[1] Dillon admits he has no recollection of the accident. Rodgers's affidavit states that at no time was he on the shoulder of the road. Rather, he states he was traveling north on Highway 603 and had slowed to make a left turn when Dillon rear-ended his tractor-trailer. In response, Dillon asserts that Rodgers was still at fault for the accident because Rodgers failed to signal the turn and failed to use the brakes properly.

requests, and PiCo submitted its supplemental interrogatory responses. On April 15, 2016, the Dillons responded to PiCo's summary-judgment motion by filing a Mississippi Rule of Civil Procedure 56(f) motion for additional time for discovery to defend against the summary-judgment motion, and for a scheduling order. Specifically, the Dillons sought additional time to obtain expert opinions, inspect PiCo's truck, present Dillon for a deposition, and obtain a ruling on the Dillons' motion to compel discovery. The motion did not mention the deemed admissions. PiCo responded in opposition, asserting that Dillon had not identified an expert, Dillon had not requested inspection of PiCo's truck, and PiCo was not required to take Dillon's deposition, especially in light of Dillon's admissions.

¶5. On May 12, 2016, the parties convened for a hearing on PiCo's summary-judgment motion. The Dillons brought forth their Rule 56(f) motion. The circuit court expressed great concern that Dillon had not timely answered the requests for admissions and had not moved to withdraw the matters deemed admitted by operation of law. The Dillons stated they would file a motion to withdraw the admissions the next day. Over PiCo's objection, the court granted additional time for motions practice under Mississippi Rule of Civil Procedure 78 and requested briefing on the admissions issue. The next day, PiCo filed a motion for reconsideration of the circuit court's decision. PiCo argued that it was an abuse of discretion for the court to "help" Dillon by allowing more time, when almost a year had passed and Dillon had failed to move to amend or withdraw the admissions. On May 16, 2016, the circuit court entered an order, stating that "on or before May 19, 2016, Dillon may file any additional motions relative to the pending Motion for Summary Judgment." The court again

3

specifically requested that Dillon address the issue of the admissions.

¶6.     On May 17, 2016, Dillon responded to PiCo's summary-judgment motion and moved to amend, withdraw, or strike the tardiness of the answers to the requests for admissions. The Dillons asserted that the answers to the requests for admissions were filed late because counsel had been unable to locate the Dillons. An affidavit from the Dillons' counsel, certifying as such, was attached to the motion. A hearing was held on all motions.

¶7.     On August 11, 2016, the circuit court granted PiCo's motion to reconsider and PiCo's motion for summary judgment, and dismissed the action with prejudice. PiCo's motion for attorney's fees and costs was denied. By separate order, the circuit court denied as moot all other open motions, including the Dillons' motion to amend, withdraw, or strike the tardiness of the admissions and motion for time to complete discovery. The Dillons appeal, arguing the motion to amend, withdraw, or strike the tardiness of the admissions should have been granted, additional time was needed for discovery, and summary judgment was improper.

## DISCUSSION

### I.     Requests for Admissions

¶8.     Under Rule 36(a), a party may request in writing that another party admit the truth of certain matters. The requests for admissions are deemed admitted by default "unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]" *Young v. Smith*, 67 So. 3d 732, 738 (¶10) (Miss. 2011). "Rule 36 . . . carries harsh sanctions for failure to comply therewith." *Young*,

4

67 So. 3d at 738 (¶10). If the party fails to answer or object, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." M.R.C.P. 36(b). The trial court has broad discretion in deciding whether an admission may be withdrawn or amended. *Young*, 67 So. 3d at 738 (¶11).

¶9. "While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the [r]ule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." *DeBlanc v. Stancil*, 814 So. 2d 796, 801-02 (¶26) (Miss. 2002). "[T]he proper procedural mechanism" for a party to seek the amendment or withdrawal of admissions "is to file a motion asking that the admissions be [amended or] withdrawn." *Ross v. Wallack*, 188 So. 3d 597, 601 (¶11) (Miss. Ct. App. 2015). We review the denial of a motion to withdraw or amend admissions for abuse of discretion. *Young*, 67 So. 3d at 738 (¶11).

¶10. PiCo served its requests for admissions on May 7, 2015. Dillon had thirty days, or until June 8, 2015, to serve written answers or objections, or to seek additional time to do so. M.R.C.P. 36(a). Once the deadline passed, the matters were deemed admitted by operation of law. *Id.* Without explanation or requesting additional time, Dillon served his written answers and objections on July 14, 2015—sixty-eight days after the requests for admissions were served. While the Dillons did eventually move to withdraw the admissions, they did not do so until May 17, 2016, nearly eleven months after the answers were due. Even then, they only did so at the prompting of the circuit court. Even after PiCo moved for summary

5

judgment on April 1, 2016, relying heavily on the admissions, the Dillons did not move to amend or withdraw the admissions. Rather, the Dillons responded by filing a Rule 56(f) motion for additional time for discovery. The motion failed to mention the admissions. At the summary-judgment hearing, the circuit court expressed concern whether any dispute remained for trial, given the admissions, and asked the Dillons to address them. Only then did the Dillons file their motion to amend, withdraw, or strike the tardiness of the admissions—five days after the scheduled summary-judgment hearing; over a month and a half after PiCo's summary-judgment motion, which relied on the admissions; and nearly eleven months after the requests had been deemed admitted.

¶11. The Dillons' only explanation for the untimely answers is that their counsel had trouble contacting the Dillons. Counsel's trouble contacting the Dillons is not a justification for failing to answer the requests for admissions timely or request additional time to answer. Dillon's signature was not required for the answers, as Rule 36(a) permits answers to be "signed by the party *or by his attorney*." (Emphasis added). Rule 36(a) also permits the answers to be filed in a "longer time as the court may allow."

¶12. The Dillons argue that the circuit court abused its discretion in granting PiCo's motion to reconsider the Rule 78 order and by denying the motion to amend, withdraw, or strike the tardiness of the admissions without first applying the "two-pronged test" in Rule 36(b). Rule 36(b) states that the trial court "may permit" admissions to be withdrawn or amended when: (1) "the presentation of the merits of the action will be subserved thereby," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will

6

prejudice him in maintaining his action or defense on the merits." However, the Mississippi Supreme Court has refused to find that these factors create a mandatory, two-pronged test. Rather, the supreme court has held that "[a] mandatory, two-pronged test . . . is contrary to both the plain language of Rule 36(b) and prior rulings of [the supreme c]ourt." *Young*, 67 So. 3d at 739 (¶14). "In using the permissive term 'may' rather than the mandatory term 'shall,' Rule 36(b) does not create a mandatory, per se requirement that the lower court must apply before denying the withdrawal or amendment of a deemed admission." *Young*, 67 So. 3d at 739 (¶14). "The permissive language of [Rule 36(b)] respecting the trial court's duties clearly provides that relief from the definite time periods is only available at the trial court's discretion." *Earwood v. Reeves*, 798 So. 2d 508, 515 (¶22) (Miss. 2001). Thus, the Dillons' argument that Rule 36(b) contains a mandatory two-pronged test is without merit.

¶13.    Nonetheless, we find no merit to the Dillons' arguments under Rule 36(b)—that the merits of the case should be addressed and that PiCo would not be prejudiced by the withdrawal of the admissions. These arguments are similar to the defendants' arguments in *Earwood*. *Earwood*, 798 So. 2d at 516 (¶25). The defendants in *Earwood* argued, unsuccessfully, that "the [trial] court should have permitted withdrawal of the deemed admissions because the presentation of the case on the merits would be promoted and that permitting withdrawal would not result in undue prejudice or delay to [the plaintiff] in maintaining his action on the merits." *Id.* The supreme court found that prejudice had resulted because the defendants had unnecessarily delayed the action by waiting ten months to move to withdraw the admissions, and because the motion to withdraw was not filed until

7

the plaintiff had moved to have the requests deemed admitted, to compel, and for partial summary judgment. *Id.* The supreme court further found that any prejudice claimed by the defendants was "self-imposed," as the defendants were "aware of the date on which the requests for admission were served[, and i]t was completely within their power to either comply with the rules, request additional time in which to respond, or seek clarification from the court" as to the deadline. *Id.* at 517 (¶28).

¶14. The Dillons argue that the circuit court should have considered PiCo's delay in moving for summary judgment. They argue, in essence, that PiCo waived its right to rely on the admissions by not doing so promptly. They state: "Eight months went by wherein PiCo participated in substantial discovery and never once insinuated or postured that [it was] treating Dillon's . . . admissions as admitted for tardiness," and it was "[m]uch to [the Dillons'] surprise" when PiCo filed for summary judgment on April 1, 2016. However, under Rule 56(b), a defendant may move for summary judgment "at any time." Further, PiCo was not required to notify the Dillons that it intended to rely on the admissions or take any action to have the admissions admitted. "Rule 36 is self-executing, and no motion to have a request deemed admitted is required." *Tyler v. Auto. Fin. Co.*, 113 So. 3d 1236, 1240 (¶13) (Miss. 2013). Also, Rule 36 "does not require a party to inquire of another whether requests for admission have been answered. Indeed, the point is that a diligent party will take great pains to ensure the requests have either been admitted or denied, as they are automatically deemed admitted after thirty days." *Scoggins v. Baptist Mem'l Hosp.-DeSoto*, 967 So. 2d 646, 649 (¶15) (Miss. 2007).

8

¶15. This Court is "compelled to acknowledge the adage that rules are promulgated for a purpose, this being precisely an instance in which that principle applies." *Id.* at (¶13) (quoting *Earwood*, 798 So. 2d at 516 (¶26)). "For certain, all courts, counsel, and litigants would rather see cases decided on the merits." *Young*, 67 So. 3d at 741 (¶17). However, "this aspirational goal carries with it a commensurate responsibility imposed upon all to abide by the [r]ules and the decisions of our courts, as opposed to seeking a benevolent decision from a trial judge." *Id.* "Rule 36 is to be enforced despite the fact that harsh consequences might result[.]" *DeBlanc*, 814 So. 2d at 801 (¶23).

¶16. "The requests for admissions . . . were a simple matter which could have been answered in a few minutes time, or for which a motion for enlargement of time could have been filed. Yet [Dillon] simply failed to timely respond." *Young*, 67 So. 3d at 741 (¶16) (internal citations and quotation marks omitted). Even after the time expired to answer the requests for admissions, the problem created thereby "could easily have been eliminated if a motion to withdraw or amend the answers had been filed pursuant to Rule 36(b) and if there were justifiable excuse." *Scoggins*, 967 So. 2d at 649 (¶15). However, "[i]n cases involving unexplained, untimely responses, the appellate courts of this state unanimously have emphasized that Rule 36 'is to be enforced according to its terms.'" *Young*, 67 So. 3d at 738 (¶11) (quoting *Educ. Placement Servs. v. Wilson*, 487 So. 2d 1316, 1318 (Miss. 1986)).

¶17. We cannot find the circuit court erred in granting PiCo's motion to reconsider and denying the Dillons' motion to amend, withdraw, or strike the tardiness of the admissions.

"The circuit court cannot 'help' the untimely party if [he] failed to avail [him]self of the remedies provided under Rule 36(b)." *Montgomery v. Stribling*, 115 So. 3d 823, 829 (¶18) (Miss. Ct. App. 2012) (internal quotation marks omitted). This issue is without merit.

## II.     Additional Time for Discovery

¶18.    The Dillons argue that the circuit court abused its discretion in denying their Rule 56(f) motion for additional time for discovery to defend against PiCo's summary-judgment motion. Summary judgment shall be granted when there is no genuine issue of material fact for trial. M.R.C.P. 56(c). To defend against a summary-judgment motion, the opposing "party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

¶19.    If discovery is incomplete when a party moves for summary judgment, the opposing party may seek additional time for discovery to defend against the motion. M.R.C.P. 56(f). Rule 56(f) states:

> **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

¶20.    Rule 56(f) is designed to "protect[] against improvident or premature grants of summary judgment and is to be applied liberally." *Stanley v. Scott Petroleum Corp.*, 184 So. 3d 940, 942 (¶5) (Miss. 2016). "Rule 56(f) 'contemplates that completion of discovery in some instances is desirable and necessary before a court can determine that there are genuine

issues as to the material facts.'" *Roberts v. Boots Smith Oilfield Servs. LLC*, 200 So. 3d 1022, 1026 (¶25) (Miss. 2016) (quoting *Smith v. H.C. Bailey Cos.*, 477 So. 2d 224, 232 (Miss. 1985)). "This is especially true where the party seeking to invoke the protections of Rule 56(f) claims the necessary information rests within the possession of the party seeking summary judgment." *Roberts*, 200 So. 3d at 1026 (¶25) (quoting *Prescott v. Leaf River Forest Prods. Inc.*, 740 So. 2d 301, 308 (¶13) (Miss. 1999)).

¶21. "Rule 56(f) is not designed to protect the litigants who are lazy or dilatory." *Roberts*, 200 So. 3d at 1027 (¶27) (quoting *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶12) (Miss. 1999)). Rather, "the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quoting *Prescott*, 740 So. 2d at 308 (¶13)). The grant or denial of a Rule 56(f) motion is reviewed for abuse of discretion. *Roberts*, 200 So. 3d at 1026 (¶25).

¶22. The Dillons' complaint was filed on April 8, 2015, and discovery proceeded for almost a year before PiCo moved for summary judgment on April 1, 2016. On April 15, 2016, when the Rule 56(f) motion was filed, the Dillons had noticed the trial for August 22, 2016, and no experts had been designated. The Dillons' Rule 56(f) motion gives the following reasons for the need for additional time:

> Plaintiffs need a reasonable amount of time to conduct an in[-]depth investigation of the facts surrounding Defendant, Pico, Inc. Defendant has failed to even take the Plaintiff's deposition. Plaintiff's account of how the collision occurred will undoubtedly contradict the Defendant's driver's

11

deposition testimony. This will ultimately create an undeniable genuine issue of material fact for the jury to decide. There will be a question of comparative [negligence] and apportionment of fault. If the Defendant is unwilling to take the deposition, the Plaintiff will sign an affidavit to his narrative of the auto collision.

. . . [T]he Plaintiff still needs additional time to secure and complete their expert opinion in regards to the collision and the lighting of the PiCo, Inc. truck. Also, Plaintiffs have not been afforded an opportunity to physically inspect the truck in question. Most importantly, the Defendant has not taken . . . Dillon's deposition regarding the facts of the collision. Plaintiffs have not had time to complete discovery[;] there are still outstanding discovery disputes that are at issue before the [c]ourt. The Defendant has objected to and refused to produce their own safety manual.

¶23. The circuit court found the motion failed to demonstrate with "specific facts" how additional time for discovery would aid in opposing the summary-judgment motion. While the Dillons asserted that PiCo had failed to depose Dillon before moving for summary judgment, PiCo was not required to do so. As stated in Rule 56(b), a defendant may move for summary judgment "at any time." Also, as PiCo points out, PiCo had no need to depose Dillon, given Dillon's admissions. And while Dillon asserted he would sign an affidavit, there was no explanation why Dillon's affidavit could not be presented prior to the summary-judgment hearing. In fact, through a later filing, it was discovered that Dillon's affidavit had been executed on April 28, 2016—two weeks prior to the May 12, 2016 summary-judgment hearing. Dillon had "until the day before [the] summary[-]judgment hearing to serve opposing affidavits." *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1174 (¶12) (Miss. 2014) (citing M.R.C.P. 56(c)). There is no explanation why the affidavit was not served. Finally, while the Dillons asserted they had "not been afforded an opportunity" to inspect PiCo's truck or obtain an expert, no request to inspect the truck had been made, and

12

there is no explanation how an expert would be useful in this matter.

¶24. Importantly, the motion again failed to address the admissions. In its order granting summary judgment, the circuit court pointed out that the Dillons had inexplicably failed to mention the requests for admissions in response to PiCo's summary-judgment motion, despite the fact that the "motion spent considerable time on the matter of the admissions." Given the admissions, the Dillons have not demonstrated how additional time for discovery would aid them in defending against PiCo's summary-judgment motion. Thus, we cannot find the circuit court abused its discretion in denying the Rule 56(f) motion. *See Roberts*, 200 So. 3d at 1027 (¶27). This issue is without merit.

### III. Summary Judgment

¶25. Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). A trial court's grant or denial of summary judgment is reviewed de novo. *Young*, 67 So. 3d at 741 (¶18).

¶26. To prove negligence, a plaintiff must show by a preponderance of the evidence a duty owed by the defendant, a breach of that duty, causation, and injury. *Sanderson Farms Inc. v. McCullough*, 212 So. 3d 69, 76 (¶17) (Miss. 2017). "An action against an employer based on the doctrine of respondeat superior is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment." *J&J Timber Co. v. Broome*, 932 So. 2d 1, 6 (¶19) (Miss. 2006). "Loss of consortium is similarly derivative[.]"

13

*Id.* "The spouse seeking compensation for loss of consortium must show that he or she suffered damages arising out of the other's injuries." *Coho Res. Inc. v. McCarthy*, 829 So. 2d 1, 22 (¶66) (Miss. 2002). "[I]f the underlying personal[-]injury claim is disposed of, the loss[-]of[-]consortium claim cannot be maintained on its own." *J&J Timber*, 932 So. 2d at 6 (¶19).

¶27. The circuit court granted summary judgment on Dillon's negligence claim based on Dillon's Rule 36 admissions. Accordingly, summary judgment was also granted on Shawna's derivative loss-of-consortium claim. Among the items Dillon admitted by default are: (1) Dillon and Rodgers were traveling north on Highway 603 for at least two minutes and at least one mile before the accident; (2) there is no shoulder on Highway 603 North in the one mile preceding the accident site; (3) Rodgers did not pull out in front of Dillon in the sixty seconds prior to the accident; (4) Dillon failed to see Rodgers in front of him just prior to the accident and failed to keep a proper lookout for vehicles ahead of him; (5) Rodgers had the right-of-way; (6) Dillon failed to keep his car under proper control; (7) Dillon failed to apply his brakes in a timely fashion; (8) Dillon did not hit his brakes prior to the accident; (9) Dillon was speeding; (10) Dillon's eyes were distracted from the road in the moments prior to the accident; (11) Dillon caused the accident, and no action or inaction by Rodgers caused the accident; (12) Dillon had the last chance to avoid the accident; and (13) the Mississippi Highway Patrol and Dillon's insurance company found him 100% at fault for the accident.

¶28. The Dillons argue that despite the admissions, there are still genuine issues of material fact for trial, such as whether Rodgers properly applied his brakes or used his turn signal, and

14

whether the tractor-trailer was properly illuminated in accordance with state and federal regulations. However, Dillon failed to attempt to oppose the summary-judgment motion with affidavits or other evidence, as required by Rule 56(e), or state why he could not do so. Rule 56(e) states that a party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings," but "must set forth," by affidavits or other appropriate means, "specific facts showing that there is a genuine issue for trial."

¶29. The Dillons failed to respond or present any evidence in opposition to summary judgment until May 17, 2016—five days after the scheduled summary-judgment hearing—when Dillon presented his own affidavit and the deposition testimony of Rodgers and PiCo driver David Simmons. Dillon's affidavit was executed on April 28, 2016, and Rodgers's and Simmons's depositions were taken on February 18, 2016. There is no explanation why the evidence was not presented prior to the summary-judgment hearing, despite it being available.

¶30. Regardless, in light of the admissions, the affidavit and deposition testimonies do not present genuine issues of material fact for trial. Dillon admitted that he failed to keep a proper lookout and that no action or inaction on Rodgers's part caused the accident. Further, it is undisputed that Dillon stated that he had no recollection of the accident. PiCo submitted Rodgers's affidavit in support of its summary-judgment motion. Rodgers swore in his affidavit that at no time was he on the shoulder of the road, as alleged in the Dillons' complaint; rather, he was traveling north on Highway 603 and had slowed to turn left when Dillon rear-ended his tractor-trailer. Rodgers states in the affidavit that he used his turn

15

signal and that before leaving PiCo's yard at around 5 a.m., approximately thirty minutes before the accident, he had inspected the truck and trailer to make sure the lights and signals were working properly. Two photographs of the accident scene were attached to the affidavit, showing the lights were operable and illuminated. In his deposition, Rodgers stated that in order to slow the truck down to make the turn, he "geared down," which involved applying the brakes, then shifting, then applying the brakes again, in a sequence. Simmons testified that he was traveling behind Rodgers and could see Rodgers's taillights from a quarter mile away shortly before the accident, although he was not looking at the tractor-trailer at the exact moment of the accident.

¶31. Given the admissions, the Dillons have failed to show the existence of a genuine issue of material fact for trial. We find summary judgment was appropriately granted.

¶32. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**