## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00258-COA

**BETTINA GRANDBERRY**                                       **APPELLANT**

**v.**

**RIH ACQUISITIONS MS II, LLC D/B/A**                        **APPELLEE**
**BALLY'S CASINO**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2017 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BETTINA GRANDBERRY (PRO SE) |
| ATTORNEY FOR APPELLEE: | RICHARD D. UNDERWOOD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 06/05/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Bettina Grandberry alleged she was injured by an unknown object and assailant in Bally's Casino in Tunica, Mississippi. Grandberry brought a negligence action under the theory of premises liability against RIH Acquisitions MS II, LLC d/b/a Bally's Casino. The Tunica County Circuit Court granted Bally's motion for summary judgment. Grandberry appeals. Finding no error, we affirm.

### FACTS

¶2.     On November 3, 2012, Grandberry and her sister, Charlene Lyon, went to Bally's Casino in Tunica, Mississippi. After visiting the buffet, the sisters sat down at a table to eat. Before getting a chance to begin their meals, the lights in the casino went out due to a third-

party car accident outside of the casino. Grandberry claims there were two power outages within a five minute period.[1] The first outage being forty-five seconds in duration and the second lasted for a period of three to five minutes. It is during the second outage that Grandberry asserts that she was hit in the back of the head with an unknown object by an unknown person. Immediately after the lights resumed, Grandberry was transported to Baptist DeSoto Hospital where she was treated for her injuries.

¶3.    In October 2015, Grandberry brought an action against Bally's for negligence under the theory of premises liability in response to her injuries. Grandberry appeared pro se. In November 2015, the circuit court set a deadline for discovery of 120 days after service of an answer. Bally's filed its answer on November 19, 2015, setting the deadline at March 19, 2016. Bally's deposed Grandberry on March 22, 2016, after re-noticing the original deposition set for March 1, 2016. After responding to discovery, on April 18, 2016, Bally's filed a motion for summary judgment. In January 2017, the circuit court granted Bally's motion. Grandberry timely appeals.

**STANDARD OF REVIEW**

¶4.    In regard to summary judgment, this Court has previously held,

> In considering a trial court's grant of a motion for summary judgment, this Court conducts a de novo review and examines all the evidentiary matters before it—admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that the movant bears the burden of

---

[1] Prior to the hearing for summary judgment, the initial forty-five-second power outage was the only outage mentioned in the facts by either party. At the hearing, for the first time, Grandberry mentioned the second power outage and stated her injuries occurred then.

persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to a judgment as a matter of law. The supreme court further stated that the movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where he would bear the burden of proof at trial.

*Jones v. Dragway Enterprises, Inc.*, 203 So. 3d 1157, 1160 (¶10) (Miss. Ct. App. 2016)

(citing *Dickinson v. Vanderburg*, 141 So. 3d 455, 457 (¶4) (Miss. Ct. App. 2014)).

## DISCUSSION

¶5. Grandberry argues that the circuit court erred in granting Bally's motion for summary judgment. We disagree.

> Mississippi courts conduct an analysis of three factors to ascertain whether a property owner is liable to an injured party in a premises-liability case: (1) the injured party's classification as an invitee, licensee, or trespasser at the time he or she was injured; (2) the duty owed by the defendant to the injured party; and (3) whether the defendant breached that duty.

*IOC-Lula, Inc. v. Smartt*, 198 So. 3d 455, 459 (¶11) (Miss. Ct. App. 2016) (internal quotation mark omitted).

¶6. In the present case, the parties have stipulated to Grandberry being an invitee of Bally's. However, Grandberry has not established Bally's breach of its duty owed to her. Bally's duty was "to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Id.* at 459 (¶12). Moreover, "Mississippi law further requires that, when a dangerous condition exists that was created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it." *Jones*, 203 So. 3d at

1159 (¶10).

¶7. In the present case, the lights powering down was the result of a third party, not within the control of Bally's or a Bally's employee. It was Grandberry who had the burden to prove that Bally's had actual or constructive knowledge of a dangerous condition. She did not meet that burden. At the hearing for summary judgment, in support of her claims, Grandberry stated that (1) her deposition was taken in violation of the discovery deadline, (2) the court should have compelled Bally's to complete her written discovery requests that were propounded after the discovery deadline, and (3) the court should allow her further discovery of Bally's emergency power source.

¶8. In response, the court stated that Grandberry's claims were waived as she voluntarily gave her deposition after the deadline and Bally's was within its rights to deny answering written discovery requests after the deadline. Furthermore, Grandberry did not produce any evidence or affidavits in support of her claims. Therefore, Grandberry did not meet her burden to prove there was a dangerous condition or that Bally's had actual or constructive notice of a dangerous condition.

## CONCLUSION

¶9. This Court finds no error in the circuit court's determination to grant Bally's motion for summary judgment.

¶10. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**

4