## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00973-COA

EDWIN SEWARD                                                    APPELLANT

v.

COAST CONCRETE COMPANY, INC.                                   APPELLEE

DATE OF JUDGMENT:              06/22/2023
TRIAL JUDGE:                   HON. RANDI PERESICH MUELLER
COURT FROM WHICH APPEALED:     HARRISON COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        GRADY MORGAN HOLDER
ATTORNEY FOR APPELLEE:         MICHELLE LUBER ELLIOTT
NATURE OF THE CASE:            CIVIL - CONTRACT
DISPOSITION:                   AFFIRMED - 02/17/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Edwin Seward appeals the judgment of the Circuit Court of Harrison County denying his motion to withdraw or amend admissions and granting Coast Concrete Company Inc.'s motion for summary judgment. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On June 21, 2019, Seward filed a complaint against Coast Concrete for breach of contract, breach of implied warranty, and negligence. According to the complaint, on October 3, 2018, Seward paid Coast Concrete $5,885 for fifty-five yards of pea gravel mix that Seward intended to use to pour a slab on his property located at 14109 Cable Bridge Road in Gulfport. The next day, Coast Concrete arrived at Seward's property with cement trucks.

At the suggestion of Allen Bos, a Coast Concrete employee, Seward had rented a pump truck from Lynwood Magee of L & M Masonry to pour the pea gravel mix. Magee attached a two-inch line to pour the mix, but the line became clogged within minutes of starting the pour. Magee exchanged the two-inch line for a three-inch line, but that line also became clogged.

¶3.     Bos ordered the concrete be returned to Coast Concrete's yard even though Seward requested that it remain on his property for other use. According to Seward, he "demanded [Coast Concrete] to provide the proper mix of concrete, but [Coast Concrete] refused to do so." As a result, Seward sought a judgment of $5,885 as reimbursement for the concrete and other consequential damages expected to be shown at trial, including $1,700 for the cost of the rental equipment.

¶4.     Coast Concrete was served with process on November 30, 2019. On March 11, 2020, Seward's original counsel moved to withdraw, and that motion was granted after a hearing. On July 13, 2020, George Blair entered an appearance as counsel on Seward's behalf. On July 15, 2020, Seward filed a motion for default judgment. On August 24, 2020, before Seward's motion for default judgment was heard, Coast Concrete filed its answer and affirmative defenses and a response in opposition to the motion for default judgment.[1]

¶5.     On November 10, 2020, Coast Concrete served Seward with interrogatories, requests for production, and requests for admission. On November 24, 2020, Seward served Coast

---

[1] The motion for default judgment was set for a hearing on September 10, 2020. A transcript of that hearing, if it took place, does not appear in the record, nor is there an order resolving the motion. According to Seward's affidavit attached to his response to the summary judgment motion, his counsel "failed to comply with the rules governing default judgments" by failing to obtain a clerk's entry of default before filing the motion.

Concrete with his interrogatories, requests for production, and requests for admission. On December 23, 2020, both Coast Concrete and Seward filed notices of the service of their responses to their opponents' requests for admission.

¶6. Also on December 23, 2020, Seward filed a "Motion to Withdraw and/or Amend the Admissions," noting that under Mississippi Rule of Civil Procedure 36, because his responses were not filed within thirty days, the admissions were "deemed admitted, *unless* the Court, within its discretion, permits [Seward] to Withdraw and/or Amend said Admissions." That motion was first noticed for a hearing on February 18, 2021, but the circuit court cancelled the hearing.[2]

¶7. The hearing on Seward's motion was re-noticed on June 14, 2022, for a July 28, 2022 hearing date, which was seventeen months after the first hearing date was cancelled. Coast Concrete responded to Seward's motion on July 15, 2022, and the circuit court heard the motion on July 28, 2022. On October 10, 2022, the circuit court denied Seward's motion.[3]

¶8. Coast Concrete filed a motion for summary judgment on January 6, 2023. Seward filed his response on April 5, 2023, and Coast Concrete filed a reply on April 24, 2023. After a hearing on the motion on June 8, 2023, the circuit court entered an order granting Coast Concrete's motion for summary judgment. Seward filed a motion to alter the judgment,

---

[2] In her order, the circuit judge noted that she was not sworn in as a judge until March 11, 2021, and was not aware of why her predecessor cancelled the February 18, 2021 hearing.

[3] In his brief, Seward contends that he was not notified or aware of any of the proceedings that are the subject of this appeal. He claims that he had no knowledge of the motion to withdraw or amend or the trial court's order denying the motion until January 3, 2023.

which the circuit court denied. Aggrieved, Seward appealed.

## ANALYSIS

¶9.     Seward's sole issue on appeal is that the circuit court abused its discretion by denying his "Motion to Withdraw and/or Amend the Admissions," which he filed because his responses to Coast Concrete's requests for admission were not timely filed and, according to him, had been deemed admitted pursuant to Mississippi Rule of Civil Procedure 36(a). Because of this alleged error, Seward contends that the court's grant of summary judgment must be reversed. Seward raises two issues in support of his contention that the judgment should be reversed.

> **I.     Did the circuit court err by allowing Coast Concrete to utilize Seward's admissions that were obtained in violation of the discovery deadline?**

¶10.    Seward first argues that Coast Concrete propounded its discovery requests in violation of Uniform Civil Rule of Circuit and County Court Practice 4.03, which provides that discovery must be completed within ninety days after service of an answer. Coast Concrete filed its answer and affirmative defenses on August 24, 2020. It did not serve its discovery requests, which included the requests for admission, until November 10, 2020, at least thirteen days before the discovery period expired pursuant to Rule 4.03. Seward argues that the late service of the discovery requests did not allow him a full thirty days to respond before the end of the discovery period; therefore, he was not required to submit responses to the requests.

¶11.    It should be noted however, that Seward served his own discovery requests at least

4

thirteen days *after* Coast Concrete served its requests, on the last day for discovery to be *complete* under the rule. These requests were the parties' first efforts at discovery in this case. Coast Concrete timely filed responses to Seward's requests for admission on December 23, 2020. Seward's response to Coast Concrete's requests for admission was also filed on December 23, 2020; however, these responses were untimely. Coast Concrete served its responses to Seward's interrogatories and requests for production of documents on January 19, 2021, but Seward did not serve his responses to Coast Concrete's interrogatories or requests for production of documents until August 26, 2022.

¶12.    Seward failed to bring this issue to the attention of the circuit court during the exchange of discovery in November and December 2020. He did not raise this issue in his "Motion to Withdraw and/or Amend the Admissions" that he filed on December 23, 2020, and he did not bring it to the court's attention at the hearing on that motion on July 28, 2022. Seward first raised the issue of the Rule 4.03 deadline on April 5, 2023, in his response to the motion for summary judgment.[4] This argument was first presented to the court at the hearing on the motion for summary judgment on June 8, 2023. At this hearing, the court asked Seward's counsel, concerning this new argument:

> Why is this not just an attempt to get a second bite at the apple over the admissions being deemed admitted?
>
> . . . .

---

[4] Seward raised the argument over two years after Seward had received Coast Concrete's responses to his own untimely discovery requests, eight months after the hearing on his motion to withdraw admissions, and almost six months after the court denied his motion to withdraw admissions.

But, Mr. Holder, why shouldn't this argument have been made the last time I had a hearing on this, which was the motion to have the responses admitted?

Seward's counsel responded that the violation of the Rule 4.03 deadline cannot be waived by law.

¶13. On appeal, Seward continues to maintain that he was not required to respond to the untimely requests for admission and that the court erred by failing to allow withdrawal of the admissions and then by granting summary judgment based upon the admissions. Seward cites federal cases interpreting the Federal Rules of Civil Procedure and Mississippi cases that utilize federal cases interpreting the Mississippi Rules of Civil Procedure. Seward also cites *Tatum v. Barrentine*, 797 So. 2d 223, 227 (¶17) (Miss. 2001), where the Mississippi Supreme Court stated:

> The Estate did not make its first request for admissions until December 30, 1998. This request was made 169 calendar days after Barrentine filed her answer. Barrentine objected to certain interrogatories as violating U.C.C.C.R. 4.04(A) and as being duplicitous. Accordingly, the Estate filed a Motion to Compel Production of Evidence. The trial court ruled that the Estate failed to comply with U.C.C.C.R. 4.04(A), and therefore denied the Estate's Motion to Compel Production of Evidence.

The Supreme Court found that the trial court did not abuse its discretion by enforcing the ninety-day discovery deadline. *Id*. at 228 (¶20). The facts in *Tatum*, however, are substantially different from the present case. There, Barrentine did not voluntarily answer the discovery requests, and Tatum filed a timely motion to compel Barrentine to answer. *Id*. at 227 (¶17). As discussed above, here, Seward voluntarily answered the requests for admission, albeit untimely, and failed to timely bring this issue to the circuit court's attention.

¶14. Coast Concrete cites *Grandberry v. RIH Acquisitions MS II LLC*, 271 So. 3d 486, 489

6

(¶¶7-8) (Miss. Ct. App. 2018), in support of its argument that Seward has waived any issue of a discovery violation. In *Grandberry*, the plaintiff, Grandberry, voluntarily gave her deposition after the discovery deadline. *Id*. at 489 (¶8). She raised the issue of the violation of the discovery deadline at the hearing on the defendant's motion for summary judgment. *Id*. at (¶7). On appeal this Court found that Grandberry had waived any violation by voluntarily giving the deposition after the deadline. *Id*. at (¶¶8-9). Grandberry also argued on appeal that the trial court had failed to compel the defendants to answer her written discovery requests that were served after the discovery deadline. *Id*. at (¶7). However, this Court found that the defendants were within their rights to deny answering discovery requests propounded after the deadline. *Id*. at (¶8).

¶15. Based upon the facts of this case, we find that Seward waived any argument regarding the Rule 4.03 discovery deadline by failing to timely raise this issue to the circuit court before voluntarily filing his responses.

II.     **Did the circuit court abuse its discretion in denying Seward's motion to withdraw or amend the deemed admissions?**

¶16. The process for considering a motion to withdraw or amend admissions that have been deemed admitted is set forth in *Dillon v. PiCo Inc*., 239 So. 3d 527, 532 (¶12) (Miss. Ct. App. 2017):

> Rule 36(b) states that the trial court "*may permit*" admissions to be withdrawn or amended when: (1) "the presentation of the merits of the action will be subserved thereby," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." However, the Mississippi Supreme Court has refused to find that these factors create a mandatory, two-pronged test. Rather, the supreme court has held that "[a] mandatory,

7

two-pronged test . . . is contrary to both the plain language of Rule 36(b) and prior rulings of [the supreme c]ourt." *Young* [*v. Smith*], 67 So. 3d [732,] 739 (¶14) [(Miss. Ct. App. 2011)]. "In using the permissive term 'may' rather than the mandatory term 'shall,' Rule 36(b) does not create a mandatory, per se requirement that the lower court must apply before denying the withdrawal or amendment of a deemed admission." *Young*, 67 So. 3d at 739 (¶14). "The permissive language of [Rule 36(b)] respecting the trial court's duties clearly provides that relief from the definite time periods is *only available at the trial court's discretion*." *Earwood v. Reeves*, 798 So. 2d 508, 515 (¶22) (Miss. 2001).

(Emphasis added). Therefore, we must determine whether the circuit court abused its discretion by denying Seward's motion.

¶17.    There is no dispute in this case that Seward served his responses to Coast Concrete's requests for admission beyond the thirty-day deadline provided by Mississippi Rule of Civil Procedure 36(a), and, according to the rule, the matters were deemed admitted. In recognition of this fact, on the same day he served his responses, Seward also filed his motion to withdraw or amend his admissions. In this motion, Seward argued that the purpose of the rule is to "determine facts that are not in dispute." Seward also stated that by allowing him to withdraw or amend his responses, the presentation of the merits of the case would be promoted, and Coast Concrete would not be prejudiced. At the hearing on his motion, which was held nineteen months after the motion was filed, Seward's counsel argued that the responses were only thirteen days late and that he had an illness for five days that affected his ability to respond. Counsel admitted that he had not sought an extension of time to respond.

¶18.    Counsel for Coast Concrete argued that his client would be prejudiced by allowing Seward to withdraw his admissions. Counsel argued that as of the date of the hearing, four

8

years had passed since the facts at issue in the complaint. Counsel advised the trial court that the owner of the company was then over 80 years old, suffering from stage 4 cancer, and undergoing chemotherapy treatment on a regular basis. Counsel also stated that the owner's mental capacity had declined over the past two years to the point she was not comfortable having him sign an affidavit concerning issues in the case. Counsel also noted that only two of the seven drivers involved in this project were still employed by the company. According to counsel, the salesman and project manager named in the complaint, Allen Bos, had left the company and was employed by a competitor concrete company.

¶19. After hearing the arguments presented by counsel for both parties, the circuit court entered an order denying Seward's motion. In this order, the court noted that both parties "have conducted much of this case as though the rules of civil procedure are advisory." The court also noted that the rules are designed "to promote justice, uniformity, and the efficiency of courts" and stated that "to accomplish this it is imperative that parties pursue their cases and defenses in a timely manner." The court pointed to the delay Seward caused by having the motion presented to the court and the prejudice resulting from that delay. The court concluded its order by stating:

> Given the history of this litigation, the failure to timely respond to the Requests for Admissions, and the extraordinary time i[t] took to finally set the matter for hearing, the Court will not set aside the admissions. Mr. Seward filed this action and it was his duty to pursue his claim. He failed to do so. "Prejudice may be presumed from unreasonable delay." *Cox v. Cox*, 976 So. 2d 869, 879 (Miss. 2008). But here, Defendant has also presented reasons for actual prejudice due to the delay. It is, therefore,
>
> ORDERED AND ADJUDGED that the Motion to Withdraw and/or Amend the Admissions [#25] is denied.

**CONCLUSION**

¶20.    We find that under the facts of this case, the circuit court did not abuse its discretion by denying Seward's "Motion to Withdraw and/or Amend the Admissions."

¶21.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**